THE VILLAGE OF FRANKLIN PARK, Plaintiff-Appellant, v. ARAGON MANAGEMENT, INC., Defendant-Appellee.

First District (2nd Division) No. 1—97—2701

Opinion filed August 4, 1998.

RAKOWSKI, J., specially concurring.

Maureen P. Higgins, of Franklin Park, for appellant.

Robert A. Egan, P.C., of Chicago, for appellee.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

In this case we must construe provisions of the Illinois Municipal Code (the Municipal Code) 65 ILCS 5/1—1—1 *et seq.* (West 1996)) that permit municipalities to recover costs of demolition and related litigation. We hold that the statute requires application of court rules to determine the reasonably necessary costs of litigation.

On July 26, 1995, the Village of Franklin Park served on Aragon Management, Inc., a notice for demolition of a building on property Aragon owned. Aragon sought a hearing before Franklin Park's building code board of appeals (the Board). The Board heard evidence from both parties on September 15, 1995, and entered its findings and decision upholding the notices on September 25, 1995.

Franklin Park filed this lawsuit for demolition on October 5, 1995. The parties actively pursued discovery, deposing several experts along with other witnesses, over the following months, while Aragon suc-

cessfully delayed demolition. On May 23, 1996, Franklin Park moved for summary judgment, arguing that the Board's decision collaterally estopped Aragon from relitigating the factual issues the agency decided. The trial court found that Aragon had not appealed from the Board's decision, and the Board's findings of fact required judgment in favor of Franklin Park. Neither party challenges that decision on appeal.

Franklin Park demolished the building and petitioned to recover costs of the demolition from Aragon. The comptroller filed a supporting affidavit that itemized court costs of $393.62, statutory witness fees of $393, postage costs of $209.94, court reporting fees, primarily for depositions, of $5,015.80, expert witness charges of $62,709.10, and miscellaneous costs including copying and legal research, totalling $7,432.24. The demolition itself cost $55,607. Franklin Park sought to recover all of the listed amounts, for a total of $131,760.70. It included no request for attorney fees.

The court considered separately each amount requested. Aragon argued that deposition costs should not be recoverable because Franklin Park did not use the depositions in support of the motion for summary judgment the trial court granted. The court awarded Franklin Park the demolition costs, court costs, and some copying costs, plus $233 in board-up fees, which Franklin Park had not listed in the petition. The award totals $56,364.65. Franklin Park appeals from denial of witness expenses, court reporting fees, and miscellaneous costs.

 Section 11—31—1(a) of the Municipal Code provides:

"The cost of the demolition, repair, enclosure, or removal incurred by the municipality, *** including court costs, attorney's fees, and other costs related to the enforcement of this Section, is recoverable from the owner ***." 65 ILCS 5/11—31—1(a) (West 1996).

Illinois courts have not specifically decided whether and to what extent this statute requires the court to award deposition costs and witness expenses. But our supreme court restated general principles for interpretation of statutes allowing litigation cost recovery in *Galowich v. Beech Aircraft Corp.*, 92 Ill. 2d 157, 162, 441 N.E.2d 318 (1982):

"At common law, a successful litigant was not entitled to recover from his opponent the costs and expenses of the litigation. The allowance and recovery of costs is therefore entirely dependent on statutory authorization. [Citations.] Only those items designated by statute to be allowable can be taxed as costs. [Citation.] While the power to impose costs must ultimately be found in some statute, the legislature may grant the power in general terms to the courts, which in turn may make rules or orders under which costs may be taxed and imposed."

The statute at issue in *Galowich* provides that whenever a plaintiff voluntarily dismisses a lawsuit, "the defendant shall have judgment for his costs." Ill. Rev. Stat. 1979, ch. 33, par. 16. The court held that because the statute did not further define the costs to be awarded, court rules on the assessment of costs applied. *Galowich*, 92 Ill. 2d at 165; see 134 Ill. 2d R. 208. The court interpreted its rules to authorize "the trial court to tax as costs, in its discretion, the expenses only of those depositions necessarily used at trial." *Galowich*, 92 Ill. 2d at 166. Due to the plaintiff's voluntary dismissal, the defendant used no depositions, so the court disallowed any award for deposition costs.

Franklin Park argues that *Galowich* does not apply to this case because of the difference between the statutes. The statute in *Galowich* required only an award of "costs," whereas the Municipal Code directs the court to award "court costs, attorney's fees, and other costs related to the enforcement of this Section" (65 ILCS 5/11—31—1 (West 1996)).

The court in *City of Peru v. Bernardi*, 81 Ill. App. 3d 227, 232, 401 N.E.2d 1 (1980), held that interpretation of the similar Mechanics Lien Act (770 ILCS 60/1 *et seq.* (West 1996)) provided useful guidance for interpretation of section 11—31—1 of the Municipal Code. The Mechanics Lien Act provides that "[t]he costs of proceedings as between all parties to the suit shall be taxed equitably against the losing party." 770 ILCS 60/17 (West 1996). Awards of the "costs of proceedings" under the Mechanics Lien Act help guide awards of the litigation "costs related to the enforcement" of the demolition provisions of the Municipal Code.

In *Cleveland Wrecking Co. v. Central National Bank*, 216 Ill. App. 3d 279, 295-96, 576 N.E.2d 1055 (1991), the appellate court held that the principles of *Galowich* apply to the Mechanics Lien Act, precluding the award of expenses for depositions not used at trial. We hold these same principles apply with equal force to the Municipal Code and the award of costs related to the enforcement of the statutory demolition provisions.

Franklin Park used none of the depositions or the testimony of experts hired for this lawsuit to support its motion for summary judgment based on *res judicata*. The experts and the depositions were presented to neither the building code board of appeals nor the trial court. The trial court did not abuse its discretion by denying the petition for recovery of expert witness fees and court reporting fees. Franklin Park also sought to recover statutory witness fees and expenses for mailings to the experts and other witnesses for their depositions. The court did not abuse its discretion by denying the petition for those costs. *Falkenthal v. Public Building Comm'n*, 111 Ill. App. 3d 703, 710-11, 444 N.E.2d 498 (1982).

Franklin Park had the burden of proving that the other expenses it sought were reasonable. *City of Bloomington v. Bible Truth Crusade*, 197 Ill. App. 3d 793, 797, 555 N.E.2d 117 (1990). Although the affidavit supporting the petition itemizes the expenditures, it does not provide sufficient information for the court to determine the reasonable necessity for the costs. The court asked counsel about the listed items and awarded those it found appropriate. The trial court did not abuse its discretion by refusing the petition for other costs not adequately supported. See *Heller Financial, Inc. v. Johns-Byrne Co.*, 264 Ill. App. 3d 681, 690, 637 N.E.2d 1085 (1994).

■ Franklin Park asks this court to hold that the Municipal Code mandates the award of any sums the municipality requests, without judicial review for the reasonable necessity of the charges. We hold that the Municipal Code authorizes the award of only those costs related to its enforcement, and it leaves to the discretion of the court, applying court rules, the determination of which costs are so related. Under the principles applicable to similar statutes mandating cost awards, courts should award only the costs the municipality shows to be reasonably necessary. Those costs do not include the expenses of depositions not used in resolving the litigation. Because the trial court did not abuse its discretion by awarding Franklin Park the reasonably necessary costs of demolition and related litigation, the judgment is affirmed.

Affirmed.

TULLY, J., concurs.

JUSTICE RAKOWSKI, specially concurring:

I agree with that portion of the majority decision holding that Franklin Park has the burden of proving that the expert witnesses and depositions were necessarily related to enforcement of the unsafe buildings provision of the Municipal Code (65 ILCS 5/11—31—1 (West 1996)). I also agree that the able trial judge did not abuse his discretion in finding that Franklin Park did not meet this burden. I write separately to express disagreement with the statement (298 Ill. App. 3d at 777) that the principles of *Galowich v. Beech Aircraft Corp.*, 92 Ill. 2d 157, 441 N.E.2d 318 (1982), apply to section 11—31—1 of the Municipal Code.

According to section 2—1009 of the Code of Civil Procedure, a "plaintiff may, at any time before trial or hearing begins *** upon payment of *costs*, dismiss his or her action *** without prejudice." (Emphasis added.) 735 ILCS 5/2—1009(a) (West 1996).

In *Galowich*, the supreme court defined "costs" as "allowances in the nature of incidental damages awarded by law to reimburse the prevailing party, to some extent at least, for the expenses necessarily incurred in the assertion of his rights in court." *Galowich*, 92 Ill. 2d at 165-66. Regarding depositions, the court held that the prevailing party may only tax as costs the expense of those depositions "necessarily used at trial." *Galowich*, 92 Ill. 2d at 166-67.

In *Cleveland Wrecking Co. v. Central National Bank*, 216 Ill. App. 3d 279, 576 N.E.2d 1055 (1991), we held that the principles of *Galowich* precluded a wrecking contractor from recovering deposition costs that were not necessary to its mechanics lien foreclosure action. The Mechanics Lien Act provides that "[t]he costs of proceedings *** shall be taxed equitably against the losing party." 770 ILCS 60/17(a) (West 1996). *Cleveland Wrecking* is not an extension of *Galowich*. Rather, in *Cleveland Wrecking* we equated "costs of proceedings" under the Mechanics Lien Act with "expenses necessarily incurred in the assertion of [one's] rights in court" pursuant to *Galowich*, 92 Ill. 2d at 166. *Cleveland Wrecking*, 216 Ill. App. 3d at 295-96.

Both *Galowich* and *Cleveland Wrecking* deal with costs related to court proceedings. Section 11—31—1, however, is broader in that it allows "court costs, attorney's fees, and other costs *related to the enforcement of this· Section*." (Emphasis added.) 65 ILCS 5/11—31—1(a) (West 1996). Given that municipalities often enforce the unsafe buildings provision of the Municipal Code administratively, court action is oftentimes unnecessary. This is not to say, however, that the proceedings are not bitterly fought or protracted. Expert testimony is frequently necessary.

In sum, I respectfully submit that the "necessarily used at trial" standard announced in *Galowich* does not apply to costs related·to the enforcement of section 11—31—1 of the Municipal Code.