Stanley PERSON, on behalf of himself and all others similarly situated, Plaintiff,

v.

STUPAR, SCHUSTER & COOPER, S.C., and Attorney Jeffrey Schuster, Defendants.

Civil Action No. 00–C–0906.

United States District Court, E.D. Wisconsin.

March 27, 2001.

Mary Catherine Fons, Fons Law Office, Stoughton, WI, O. Randolph Bragg, Horwitz, Horwitz & Assoc., chicago, IL, for plaintiff.

Edward A. Hannan, Hannan, Siesennop & Sullivan, Milwaukee, WI, for defendants.

### DECISION AND ORDER DATED DENYING DEFENDANTS' MOTION TO DISMISS

REYNOLDS, District Judge.

Plaintiff Stanley Person ("Person") alleges that defendant attorney Jeffrey Schuster, an attorney associated with defendant law firm Stupar, Schuster & Cooper, S.C. ("defendant debt collectors"), attempted to collect a debt from Person in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.* Person has brought this action as a class action. Because this action involves a question of federal law, the court has jurisdiction pursuant to 28 U.S.C. § 1331. The court also has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d). Before the court is defendants' motion to dismiss, which the court will deny.

### *BACKGROUND*

**I.** *Legal Standard*

A complaint is properly dismissed under 12(b)(6) only if, taking all facts alleged by plaintiff to be true and construing all inferences in favor of plaintiff, plaintiff fails to state a claim upon which relief can be granted. *See Pleva v. Norquist,* 195 F.3d 905, 911 (7th Cir.1999). The court takes plaintiff's factual allegations as true and

draws all reasonable inferences in plaintiff's favor. A motion to dismiss will be granted only if it appears from the pleadings that plaintiff cannot prove any set of facts that would entitle plaintiff to relief. *See Gastineau v. Fleet Mortgage Corp.,* 137 F.3d 490, 493 (7th Cir.1998).

## II. *Facts Alleged*

On June 26, 1999, defendant debt collectors mailed Person a form letter in an attempt to collect a debt allegedly owed by Person to the Rubidell Resort Condominium Association ("Rubidell").[1] (June 23, 2000 Compl. ("Compl.") ¶ 7.) The June 26, 1999 letter ("Letter") states the following:

Dear Mr. Person:

Our law firm has been retained by Rubidell Resort Condominium Association, Inc. d/b/a River Bend Resort to collect from you the entire balance, which as of 6/1/99, was $987.71, plus attorney's fees, that you owe to Rubidell Resort Condominium Association, Inc. d/b/a River Bend Resort.

If you wish to resolve this matter without a lawsuit, you must, within 7 days of the date of this letter, either pay Rubidell Resort Condominium Association, Inc. d/b/a River Bend Resort $987.71 against the balance you owe (unless you have paid since your last statement) or contact the undersigned at the above telephone number in order to work out arrangements for payment. If you do neither of these things, we will be entitled to file a lawsuit against you, for the collection of this debt, when the 7 days is over.

Federal law gives you thirty days after you receive this letter to dispute the validity of the debt or any part of it. If you do not dispute it within that period, we will assume that it is valid. If you do dispute it, by notifying the undersigned in writing to that effect, I will, as required by law, obtain and mail to you proof of the debt. If, within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor Rubidell Resort Condominium Association, Inc. d/b/a River Bend Resort, I will furnish you with that information, too.

The law does not require me to wait until the end of the thirty-day period before suing you to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires me to suspend my efforts (through litigation or otherwise) to collect the debt until I mail the requested information to you.

If you are making payment, your payment should be made directly to our office. Make your check or money order payable to "Stupar, Schuster & Cooper, S.C. Trust Account."

**Federal law requires that we advise you that this is an attempt to collect a debt and any information obtained will be used for that purpose.**

Very truly yours,

/sgd/ Jeffrey S. Schuster

(Compl., Ex. A.) The Letter does not specify the amount of attorney fees being sought as of June 26, 1999, the date of the Letter. (Compl.¶ 8.) Defendant debt collectors intentionally omitted the amount of attorney fees owed in the Letter in order to make the amount due indefinite so that Person could not simply write a check to make full payment. (Compl.¶ 10.) Instead, consumers who receive form letters

---

**1.** Neither party informs the court about the precise nature of the debt. The court ascertains from both parties' briefs that the debt arises in connection with Person's purchase of a condominium.

similar to the letter Person received must call defendant debt collectors and make a deal. In being forced to call defendant debt collectors, consumers become susceptible to pressure to pay attorney fees which are not due. (Compl.¶ 11.)

As of June 26, 1999, no lawsuit had been filed against Person, and no court had made a determination that creditor Rubidell Resort Condominium Association was entitled to any amount of attorney fees from Person. (Compl.¶ 12.) Defendant debt collectors were attempting to collect from Person an alleged debt to Rubidell Resort Condominium Association that was incurred by Person for personal, family, and household purposes. (Compl.¶ 14.) Person alleges that defendant debt collectors engaged in a deceptive practice prohibited by the FDCPA by sending Person a form letter that did not clearly state the total amount of the debt allegedly owed by person. (Compl.¶ 10.)

Person seeks statutory damages pursuant to 15 U.S.C. § 1692k as well as declaratory judgment that defendant debt collectors' conduct violates the FDCPA. (Compl.¶ 25.)

### DISCUSSION

Person alleges that defendant debt collectors have violated three different provisions of the FDCPA: 1) defendant debt collectors failed to state the amount of the debt as required by 15 U.S.C. § 1692g(a)(1); 2) defendant debt collectors implied that they were entitled to collect attorney fees when they were not so entitled in violation of 15 U.S.C. § 1692e, and 3) by referencing attorney fees, defendant debt collectors used unfair and unconscionable means to collect the debt in violation of 15 U.S.C. § 1692f. Defendant debt collectors argue that Person has failed to state a claim upon which relief can be granted as to each of the three alleged statutory violations. The court will consider each of the alleged violations of the FDCPA in turn.

### I. Failing to State the Amount of the Debt

Person alleges that defendant debt collectors have violated 15 U.S.C. § 1692g(a)(1), which states

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt; . . . .

Person alleges that by stating that Person owed "$987.71, plus attorney's fees," defendant debt collectors violated 15 U.S.C. § 1692g(a)(1) by failing to inform Person of the total amount of the debt. Defendant debt collectors argue that attorney fees do not comprise "debt," so defendant debt collectors were not obligated under 15 U.S.C. § 1692g(a)(1) to state the amount of attorney fees allegedly due.

There is some confusion in this action regarding whether it is defendant debt collectors' position that Person owed Rubidell attorney fees *at the time the Letter was sent to Person.* In sections II and III of this decision, the court addresses the parties' claims regarding when and whether Person owed Rubidell attorney fees. In this section, the court will address defendant debt collectors' argument that regardless of whether Person actually owed Rubidell attorney fees at the time defendant debt collectors sent the Letter to Person, attorney fees are not included in the FDCPA definition of "debt." Defendant debt collectors therefore argue that they were never obligated by the FDCPA to inform Person of the alleged amount of attorney fees Person owed Rubidell.

■ The FDCPA defines "debt" as follows:

The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5). The Seventh Circuit has held that this definition of "debt" does not require that there be an offer or extension of credit in order for an amount of money owed to be classified as "debt" under the FDCPA. *See Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F.3d 477, 481 (7th Cir.1997). In order to qualify as "debt," an amount owed must relate to the underlying purchase transaction. *See id.* For example, in *Newman,* the Seventh Circuit held that condominium assessments and fees constitute "debt" under the FDCPA because condominium owners become obligated to pay fees and assessments as a result of purchasing their condominiums. *See id.* at 480–81.

In the present case, defendant debtor collectors argue that Person did not become obligated to pay attorney fees as a result of purchasing his condominium. Person allegedly became obligated to pay attorney fees only after Person failed to pay an amount Person owed for his condominium. In other words, defendant debt collectors contend that there is no transactional nexus between the purchase of the condominium and the alleged attorney fees due.

The FDCPA required defendant debt collectors to inform Person of the total amount Person allegedly owed Rubidell as of June 26, 1999, the date defendant debt collectors sent the Letter. It is not clear to the court why attorney fees allegedly owed in connection with a debt Person owed on his condominium do not satisfy the Seventh Circuit's interpretation of "debt" under the FDCPA. Defendant debt collectors have alleged that Person's debt does not relate to the underlying purchase of the condominium, but defendant debt collectors' have not provided adequate reasons why the debt does not relate to the purchase of the condominium. After Person purchased his condominium, Person became subject to late fees and other charges in the event Person did not timely pay all amounts owed on his condominium. The Seventh Circuit has stated, "[t]he unpaid principal balance is not the debt; it is only part of the debt; the Act [FDCPA] requires statement of the debt." *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir.2000).

■ At this stage in the litigation, based on the current record, the court cannot find that the alleged attorney fees owed do not relate to the underlying purchase transaction, Person's purchase of his condominium. Defendant debt collectors' motion to dismiss on the ground that Person has failed to state a claim under 15 U.S.C. § 1692g(a)(1) because attorney fees are not "debt" under the FDCPA is denied.

■ The Seventh Circuit has given debt collectors guidance regarding what type of language may be used to state the total amount of debt, as required by the FDCPA, when the amount of the debt is subject to change.

In a previous case [*Bartlett*], in an effort to minimize litigation under the debt collection statute, we fashioned a "safe harbor" formula for complying with another provision of the statute. We think it useful to do the same thing for the "amount of the debt" provision. We hold that the following statement satisfies the debt collector's duty to state the amount of the debt in cases

like this where the amount varies from day to day: "As of the date of this letter, you owe $—— [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800–[phone number]." ... Of course we do not hold that a debt collector *must* use this form of words to avoid violating the statute; but if he does, and (to repeat an essential qualification) does not add other words that confuse the message, he will as a matter of law have discharged his duty to state clearly the amount due. No reasonable person could conclude that the statement that we have drafted does not inform the debtor of the amount due.

*Miller*, 214 F.3d at 876 (citations omitted). In the present case, defendant debt collectors did not use any language similar to the "safe harbor" language suggested in *Miller* in the Letter. Defendant debt collectors did not, for example, inform Person of the precise amount Person owed as of the date of the Letter, nor did the defendant debt collectors inform Person that the amount Person owed Rubidell was subject to change. The court finds that at this stage in the proceedings, Person has alleged facts sufficient to state a claim against defendant debt collectors for failure to state the total amount of the debt under 15 U.S.C. § 1692g(a)(1).

## II. *Misleading or Deceiving the Consumer by Improperly Implying Attorney Fees are Owed*

Person alleges that defendant debt collectors have violated 15 U.S.C. § 1692e which states, in part, that "[a] debt collec-

tor may not use false, deceptive, or misleading representation or means in connection with the collection of any debt." Person alleges that at the time the Letter was sent, Person did not owe Rubidell any attorney fees, so informing Person that he owed "$987.71, plus attorney's fees" was deceptive and misleading.

Defendant debt collectors argue that they are entitled to collect attorney fees from Person pursuant to Wis. Stat. § 703.16(8), which states that "[a]n association may recover costs and actual attorney fees" in enforcing its lien rights. Under Wisconsin law, condominium assessments constitute a lien on the units on which they are assessed until paid by the unit owner. *See* Wis. Stat. § 703.16(4). Defendant debt collectors argue that because they are entitled to collect attorney fees from Person under Wisconsin law, defendant debt collectors are not engaging in a deceptive or misleading practice when defendant debt collectors inform Person that he owes them "$987.71, plus attorney fees."

■ The Wisconsin statutes cited by defendant debt collectors do not, however, indicate *when* Person begins to owe Rubidell attorney fees associated with Rubidell enforcing its lien rights. Moreover, there is not enough information in the current record to make a determination regarding what Rubidell's lien rights are with respect to Person. Defendant debt collectors argue that they are entitled to collect attorney fees from Person under Wisconsin law, but defendant debt collectors stop short of affirmatively taking the position that *at the time they sent the Letter to Person,* Person owed some amount of attorney fees to Rubidell. Defendant debt collectors have not adequately briefed the issue of whether Person owed Rubidell attorney fees at the time defendant debt collectors sent Person the Letter, and there is not enough

evidence in the current record to make a determination regarding how Wis. Stat. § 703.16(8) applies to this action. The court therefore cannot find as a matter of law that Person owed—or did not owe—attorney fees at the time the Letter was sent.

In addition to arguing that defendant debt collectors were entitled to collect attorney fees from Person under Wisconsin law, defendant debt collectors urge the court to adopt the reasoning contained in a recent unpublished decision in the Western District of Wisconsin which concerned the same defendant debt collectors and an identical debt collection letter. In that case, the court stated, "The letter, however-er, specifies the amount of the debt in two places as $[amount specified by court]. The reference to attorney fees refers only to plaintiff's additional liability if a lawsuit is commenced and not to the present debt." *Hoege–Prapart v. Stupar, Schuster & Cooper,* S.C., 00–C–051–S (Mem. and Order of Mar. 9, 2000) (Shabaz, J.) (cited in Defs.' Nov. 13, 2000 Br. at 7). By citing favorably to this decision, defendant debt collectors seem to urge the court to adopt the notion that at the time defendant debt collectors sent the Letter to Person, Person did not owe Rubidell attorney fees, that Person would only owe Rubidell attorney fees in the event a lawsuit commenced concerning Person's debt. If, however, defendant debt collectors were *not* entitled to attorney fees at the time the Letter was sent to Person, then the Letter may have been misleading and deceptive.

■ Defendant debt collectors argue that the language used in the Letter is neither misleading nor deceptive, and that the "unsophisticated consumer standard" used in evaluating whether a debt collection letter is misleading or deceptive does not permit Person to state a claim under 15 U.S.C. § 1692e by alleging an irrational, idiosyncratic, unrealistic, or peculiar in-terpretation of the Letter. *See Gammon v. GC Services Ltd.,* 27 F.3d 1254, 1257 (7th Cir.1994). It is unclear to the court how interpreting the Letter to mean that defendant debt collectors are informing Person that he owes attorney fees is irrational, idiosyncratic, unrealistic, or peculiar. The Letter expressly states that Person owes "$987.71, plus attorney's fees." In addition, the Letter states, "If you wish to resolve this matter without a lawsuit, you must, within 7 days of the date of this letter, either pay Rubidell Resort Condominium Association, Inc. d/b/a River Bend Resort $987.71 against the balance that you owe ... or contact the under-signed...." The phrase "against the balance that you owe" can reasonably be interpreted to mean that $987.71 is not the total sum of the balance owed by Person. In light of the sentence which informs Person that he owes "$987.71 plus attorney's fees," it is not "irrational, idiosyncratic, unrealistic or peculiar" to interpret the Letter as meaning that Person currently owes a principal balance and an indeterminate amount of attorney fees. Person has alleged facts sufficient to show that a reasonable, unsophisticated consumer could conclude from defendant debt collectors' Letter that as of June 26, 1999, Person owed some indeterminate amount of attorney fees. This interpretation is at odds with the interpretation that defendant debt collectors have urged the court to adopt: that the Letter implies that attorney fees are owed only if litigation commences.

Defendant debt collectors also argue that Person cannot state a claim under 15 U.S.C. § 1692e because their Letter is·in conformance with the "safe-harbor" language approved by the Seventh Circuit in *Bartlett v. Heibl,* 128 F.3d 497 (7th Cir. 1997). Defendant debt collectors point out that their only deviation from the "safe-harbor" language is the inclusion of the

phrase "plus attorney's fees" in the statement of the amount owed by Person. The propriety of the phrase "plus attorney's fees" comprises the heart of this dispute, however, and the fact that the Letter otherwise mimics the "safe-harbor" language in *Bartlett* does not insulate defendant debt collectors' Letter from a challenge that inclusion of the phrase "plus attorney's fees" is misleading or deceptive and fails to state the total amount due.[2]

Because Person has alleged facts sufficient to show that a reasonable unsophisticated consumer could conclude that the Letter sent to Person indicated that Person owed Rubidell an indeterminate amount of attorney fees as of June 26, 1999, and defendant debtors do not contend that Person did owe Rubidell attorney fees as of June 26, 1999, the court will deny defendant debtors' motion to dismiss for failure to state a claim under 15 U.S.C. § 1692e.

### III. *Using Unfair or Unconscionable Means to Collect a Debt*

Person alleges that defendant debt collectors have violated 15 U.S.C. § 1692f(1), which provides that

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

Person alleges that defendant debt collectors have violated this provision of the FDCPA because they have attempted to collect attorney fees from Person that were not expressly authorized by any agreement or permitted by law.

Defendant debt collectors argue that under Wisconsin law, Rubidell has certain lien rights which authorized defendant debt collectors to request attorney fees. As discussed above, defendant debtors have argued that the Letter implies that Person owes attorney fees *only if* litigation commenced to collect the debt. Defendant debt collectors *have not* argued that at the time defendant debt collectors sent the Letter to Person, they were entitled to attorney fees under Wisconsin law. Defendant debt collectors have therefore not shown that the Letter requested that Person pay them an amount to which defendant debt collectors were entitled as of June 26, 1999. The court will deny defendant debt collectors' motion to dismiss for failure to state a claim under 15 U.S.C. § 1692f(1) because defendant debt collectors have not shown that they requested an amount from Person to which they were entitled under law.

### CONCLUSION

Defendants Stupar, Schuster & Cooper, S.C. and Attorney Jeffrey Schuster's motion to dismiss is **DENIED.**

Defendants shall serve and file an answer within ten days of receipt of this order.

**SO ORDERED**—this day of March, 2001.

---

**2.** In *Bartlett,* the Seventh Circuit addressed a challenge to a dunning letter on the basis of whether the letter was unduly confusing, not whether the letter was deceptive or misleading, as in the present action.