# In the
# United States Court of Appeals
## For the Seventh Circuit
_____

No. 03-3194

JAMES A. SHULA,

Plaintiff-Appellee,

v.

PAUL D. LAWENT and J.V.D.B. ASSOCIATES, INC.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 C 4883—**Arlander Keys**, *Magistrate Judge.*

_____

ARGUED JANUARY 21, 2004—DECIDED FEBRUARY 26, 2004

_____

Before FLAUM, *Chief Judge,* and POSNER and RIPPLE, *Circuit Judges.*

POSNER, *Circuit Judge.* The Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.,* forbids a debt collector (which the corporate defendant and its lawyer, the individual defendant, are conceded to be) to collect any amount of money "(including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." § 1692f(1). The defendants are accused by the plaintiff, James Shula, of violating not only that section but

also section 1692e, which forbids the use of misrepresenta-tions in debt collection, and section 1692g(a), which requires the debt collector in certain circumstances to send the debtor a follow-up letter to his initial collection letter, containing specified information to facilitate the debtor's challenging the debt if he doesn't consider it valid. The district court granted summary judgment for Shula with regard to all three alleged violations and awarded him statutory dam-ages of $1,000, plus attorneys' fees and costs, precipitating this appeal.

The defendants had originally dunned Shula for $187.87 that they claimed he owed a doctor. When Shula disputed the debt, the defendants filed suit against him in the name of the doctor in an Illinois state court, seeking $187.87 plus court costs. To avoid having to defend against the suit, Shula mailed the doctor a check for the full amount. Oddly, but also irrelevantly, the doctor refunded Shula $152.45. The defendants then abandoned the suit against him, though without bothering to dismiss it—it was dismissed by the court, on the court's own initiative, two years after having been filed. But they nevertheless mailed Shula a letter demanding $52.73 for court costs in the abandoned proceed-ing. The letter stated that Shula "owe[d]" this amount to the defendants and explained that the letter was "an attempt to collect a debt." But besides not having obtained a judgment in their Illinois suit, the defendants had not obtained a court order that Shula pay them (technically their client, the doctor) the court costs.

The violations of the Fair Debt Collection Practices Act disclosed by this record are blatant, and reflect very poorly upon attorney Lawent's professionalism.

Although section 1692f(1) does not require proof that the court costs that the defendants dunned Shula for con-stituted a "debt" within the meaning of the Act, it will pro-

mote clarity to begin with the 1692e and 1692g(a) violations, which do, and to ask first whether Shula became indebted to anyone to pay those costs. Although Illinois law authorizes a court to award costs to a plaintiff if the defendant pays the debt on which the suit was based before the entry of judgment, 225 ILCS 425/8a-1(b), as happened here, the court in the doctor's suit against Shula did not make any award of costs and therefore Shula did not become indebted to anyone for costs.

If the court *had* awarded costs, they would have become a debt owed by Shula. But there was no award, nor any certainty that had the defendants moved for one they would have gotten it. The award of costs is not automatic in a case that, like the doctor's case against Shula, does not go to judgment. Whether to award costs in such a case is a matter committed to the judge's discretion. 735 ILCS 5/5-118; see *Gebelein v. Blumfield*, 597 N.E.2d 265 (III. App. 1992); *Village of Franklin Park v. Aragon Management, Inc.*, 699 N.E.2d 1053 (III. App. 1998); compare 735 ILCS 5/5-108, -109. That makes it absurd to think that Shula ever became obligated to pay the court costs. And even when a case does go to judgment, so that the winning party has an entitlement to an award of costs rather than having to appeal to the judge's discretion, 735 ILCS 5/5-108, -109, a judicial order is still necessary for a debt to arise. *Veach v. Sheeks*, 316 F.3d 690, 692-93 (7th Cir. 2003); *Duffy v. Landberg*, 215 F.3d 871, 873-74 (8th Cir. 2000). The point is general. Suppose a defendant is held liable to the plaintiff after a trial and the statute under which the plaintiff had sued entitled the plaintiff if he prevailed to exactly $1,000, not a penny more or less. He still could not levy on the defendant's assets without first obtaining a judgment ordering the defendant to pay him.

All this assumes of course that the costs that the defendants were dunning Shula for constituted a (claimed)

"debt," for if not Lawent did not violate section 1692g(a) by failing (and fail he did) to send the plaintiff the required follow-up letter. Lawent himself described the costs in his dunning letter to the plaintiff as a "debt," and he should doubtless be estopped to repudiate that characterization. But in any event, 15 U.S.C. § 1692a(5) defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment," and that definition fits Shula's alleged obligation to pay the costs sought by the defendants to a T. *Person v. Stupar, Schuster & Cooper, S.C.*, 136 F. Supp. 2d 957, 961 (E.D. Wis. 2001); cf. *Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F.3d 477, 481 (7th Cir. 1997).

There is a further wrinkle. The Fair Debt Collection Practices Act regulates debt collectors, not creditors. So if the defendants in trying to obtain court costs from Shula were seeking to enforce their own debt, not their client's— the doctor's—and so were creditors rather than debt collectors, they are beyond the Act's reach. *Transamerica Financial Services, Inc. v. Sykes*, 171 F.3d 553, 554 n. 1 (7th Cir. 1999); *Aubert v. American General Finance, Inc.*, 137 F.3d 976, 978 (7th Cir. 1998); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 403-04 (3d Cir. 2000). There is an exception for the case in which a creditor uses a pseudonym to collect a debt—that is, poses as a debt collector. 15 U.S.C. § 1692a(6). But here we have the converse case of a debt collector posing as a creditor.

Costs like attorneys' fees are awarded not to the lawyer but to the client, though often the lawyer will have advanced the costs and charged them back to the client later. Actually the cases establishing the client's entitlement in-

volve attorneys' fees rather than costs. E.g., *Venegas v. Mitchell*, 495 U.S. 82, 86-88 (1990); *Evans v. Jeff D.*, 475 U.S. 717, 730-32 (1986); *Central States, Southeast & Southwest Areas Pension Fund v. Central Cartage Co.*, 76 F.3d 114, 116 (7th Cir. 1996); *Richardson v. Penfold*, 900 F.2d 116, 117 (7th Cir. 1990); *Klein v. Chicago Title & Trust Co.*, 14 N.E.2d 852, 857 (Ill. App. 1938). But that is merely because court costs in the sense of filing fees and the like are usually too slight to make it important whether they are awarded to the lawyer or his client. The principle that costs like attorneys' fees are the entitlement of the client rather than the lawyer is clear, especially since it is standard for fee-shifting statutes to award attorneys' fees as part of the costs normally awarded a prevailing party. E.g., 42 U.S.C. § 1988; 42 U.S.C. § 2000e-5(k); 20 U.S.C. § 1415(i)(3)(B); cf. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 254-55, 260-62 (1975).

So when the defendants were dunning Shula for costs, they were doing so on behalf of the doctor. An award of costs would have created a debt owed to the doctor rather than to them. They thus were acting as debt collectors rather than as creditors. It is true that Illinois law allows a debt collection agency sometimes to obtain costs on its own behalf; 225 ILCS 425/8a-1(b) provides that "court costs expended by the [collection] agency or the creditor for filing a complaint are recoverable by the agency or the creditor if the principal on the debt is paid before the judgment is issued." But this statute is applicable only when the collection agency takes an assignment from the (original) creditor and sues in its own name to collect the debt. See 225 ILCS 425/8b. For that is the only case in which the agency pays the court costs out of its own pocket rather than merely advancing them as a loan to the creditor. There was no assignment here. The defendants brought the state court suit against Shula in their client's, the doctor's, name.

Because the plaintiff did not owe the defendants $52.73, the letter demanding that payment as a debt that he did owe them was false and misleading and so violated section 1692e, while the failure to send a follow-up letter violated section 1692g(a).

To establish a violation of section 1692f(1), Shula had to show that the money demanded from him was "incidental" to a claimed debt and that the claimed obligation to pay it arose neither by agreement nor by operation of law, in which event it would be "permitted by law" to be the subject of a collection action. *Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d 767, 770-71 (8th Cir. 2001); *Duffy v. Landberg, supra*, 215 F.3d at 873-74; *Tuttle v. Equifax Check*, 190 F.3d 9, 11-15 (2d Cir. 1999); Federal Trade Commission, Statements of General Policy or Interpretation, Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50,097, 50,108 (Dec. 13, 1988); cf. *Johnson v. Riddle*, 305 F.3d 1107, 1117-21 (10th Cir. 2002). There is no doubt that the defendants' claim for the payment of costs by Shula was "incidental" to Shula's alleged debt to the doctor. *Tuttle v. Equifax Check, supra*, 190 F.3d at 14-15; *West v. Costen*, 558 F. Supp. 564, 581 (W.D. Va. 1983); see *Freyermuth v. Credit Bureau Services, Inc., supra*, 248 F.3d at 770-71; *Dutton v. Wolhar*, 809 F. Supp. 1130, 1140 (D. Del. 1992). Had it not been for the suit against Shula to collect the debt he owed the doctor, no claim for costs would have arisen. And of course there was no agreement by Shula to pay the costs and of course no debt arose by operation of law, since, as we said earlier, that would have required the entry of a judicial order commanding him to pay the costs. Therefore section 1692f(1) was violated as well.

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*