**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1933**

HAROLD BOOSAHDA,

                Plaintiff – Appellant,

        v.

PROVIDENCE DANE LLC,

                Defendant – Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Ivan D. Davis, Magistrate Judge.  (1:09-cv-00556-IDD)

Argued:  December 8, 2011              Decided:  January 31, 2012

Before WILKINSON, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ernest Francis, Arlington, Virginia, for Appellant.  David Benjamin Ashe, PROVIDENCE DANE LLC, Virginia Beach, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harold Boosahda appeals the district court's award of summary judgment to Providence Dane LLC ("Providence"), on his claims brought under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692, et seq. See Boosahda v. Providence Dane, LLC, No. 1:09-cv-00556 (E.D. Va. July 9, 2010). Boosahda also appeals the court's denial of his motion to strike certain of Providence's affirmative defenses. Because, as explained below, we affirm the summary judgment on grounds unrelated to Providence's affirmative defenses, we need not address the propriety of the motion to strike.

I.

On or about May 16, 2008, Providence sued Boosahda in the Circuit Court for Fairfax County, Virginia, seeking to collect more than $22,000 owed on credit card accounts assigned to Providence by Chase Manhattan Bank USA, N.A. ("Chase"), and First USA Bank, N.A. ("First USA"). Boosahda countersued, asserting violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., and alleging that Chase and First USA had failed to provide him with certain disclosures when the credit card accounts were opened. At trial in state court, Boosahda testified that he could not recall having credit card accounts with Chase or First USA and did not remember whether he

had used Chase or First USA credit cards to make purchases. Providence's counsel attempted to introduce into evidence, through the testimony of a Providence paralegal, credit card account billing statements bearing Boosahda's name and address. The paralegal explained that she had obtained the statements from Chase and First USA. The trial court, however, struck the evidence as hearsay and entered judgment of dismissal in favor of Boosahda, effectively relieving him of any legal obligations to repay the debt owed on the Chase and First USA credit cards. As to Boosahda's countersuit, the jury returned a verdict in favor of Providence, and the trial court entered judgment thereon.

On May 15, 2009, Boosahda commenced this action in the Eastern District of Virginia.[1] Boosahda alleged myriad FDCPA violations arising from Providence's unsuccessful state court suit against him, seeking $50,000 in damages plus attorney's fees. After the district court denied Providence's motion to dismiss, Providence answered the complaint and interposed seven affirmative defenses. Boosahda moved to strike four of the

---

[1] The parties consented in the district court to the jurisdiction of a magistrate judge for all purposes. In issuing his decisions, the magistrate judge was acting for the court, and we therefore refer to those decisions as those of the district court. See 28 U.S.C. § 636(c)(1).

3

affirmative defenses as insufficiently pleaded.[2]  On February 26, 2010, the district court conducted a hearing and entered an order denying the motion to strike without prejudice.  Discovery then ensued.  In being deposed, Boosahda stated repeatedly that he could not recall obtaining credit cards from either Chase or First USA, and he did not remember using any such cards to make purchases.

Providence thereafter moved for summary judgment on the ground that Boosahda could not establish that the debt due on the credit cards was "consumer debt" subject to the FDCPA — an essential element of each of his claims for relief.[3]  Boosahda

---

[2] The affirmative defenses that were subject to Boosahda's motion to strike averred that: (1) any FDCPA violations "resulted from a bona fide error"; (2) the alleged violations "in no way exemplifies the abusive or unfair behavior Congress had in mind when enacting the FDCPA"; (3) "some or all of [Boosahda's] alleged injuries or damages resulted from the acts or omissions of third parties"; and (4) "some or all of the alleged violations resulted from good faith reliance by [Providence] on representations made by third parties."  J.A. 31-32.  (Citations herein to "J.A.___" refer to the contents of the Joint Appendix filed by the parties in this appeal.)

[3] To establish a FDCPA claim, a plaintiff must prove that: "(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Ruggia v. Wash. Mut., 719 F. Supp. 2d 642, 647 (E.D. Va. 2010).  The FDCPA defines "debt," in relevant part, as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes."  15 U.S.C. § 1692a(5).  (Continued)

4

opposed the summary judgment motion and filed his own cross-motion for such relief. In support of his opposition, Boosahda submitted a declaration in which he avowed that he had reviewed the Chase and First USA billing statements and concluded that "none of the charges made to those accounts could have been for use in any business by which [he had] been employed" and denied that he ever "used any credit cards for any business purpose." See J.A. 287-88. During the district court's July 9, 2010 hearing on the summary judgment motions, the parties agreed that Providence is a "debt collector" within the meaning of the FDCPA. The court also acknowledged the likelihood that genuine issues of material fact existed concerning the acts alleged to have been FDCPA violations. Nevertheless, because Boosahda was unable to carry his burden of showing that the credit card debt was consumer debt, the court granted summary judgment in favor of Providence. Boosahda has timely appealed from that judgment, and we possess jurisdiction under 28 U.S.C. § 1291.

## II.

We review de novo a district court's award of summary judgment, "viewing the facts and the reasonable inferences

A "consumer" is "any natural person obligated or allegedly obligated to pay any debt." Id. § 1692a(3).

5

therefrom in the light most favorable to the nonmoving party." See Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011). Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Otherwise, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial [and][t]he moving party is entitled to judgment as a matter of law." Id. at 323 (internal quotation marks omitted).

## III.

In this appeal, we are tasked solely with deciding whether the district court erred in concluding that Boosahda failed to show that the debt incurred on the Chase and First USA credit cards was consumer debt — as opposed to commercial or business debt — for FDCPA purposes.[4] Boosahda maintains that he made the requisite showing in three ways. First, he contends that a

---

[4] As previously explained, because the district court did not grant summary judgment on the basis of any of Providence's affirmative defenses, we do not address Boosahda's motion to strike.

letter he received from Providence constituted an admission that it was seeking to collect a consumer debt. Second, he posits that the motion for judgment against Boosahda personally in the state court action establishes Providence's attempt to collect a consumer debt. And, third, he suggests that his declaration in the district court established that he did not make charges on any credit cards for business purposes. We reject each of these contentions in turn.

The FDCPA requires a debt collector to disclose in its initial written communication with a consumer debtor that it is "attempting to collect a debt and that any information obtained will be used for that purpose." See 15 U.S.C. § 1692e(11). The parties stipulated in the district court that Providence sent Boosahda a letter in March 2008 providing, in pertinent part: "Federal law requires us to advise that this communication is an attempt by a debt collector to collect a debt. Any information obtained will be used for that purpose." See J.A. 73, 290. Boosahda seizes on the use of the word "debt" in the letter's disclaimer as determinative that Providence considered the debt to be consumer debt. He argues that a debt collector should be estopped from denying a debt is consumer debt when it uses such a disclaimer, relying on the Seventh Circuit's decision in Shula v. Lawent, 359 F.3d 489 (7th Cir. 2004). We do not read Shula, however, as standing for any such proposition. Indeed, the

7

Seventh Circuit has more recently and explicitly explained that the use of such a disclaimer "does not automatically trigger the protections of the FDCPA, just as the absence of such language does not have dispositive significance." See Gburek v. Litton Loan Serv. LP, 614 F.3d 380, 386 n.3 (7th Cir. 2010). We agree.

The FDCPA defines consumer debt, not a debt collector's disclaimer. Moreover, if the use of the statutorily required disclaimer is sufficient to establish an FDCPA claim, debt collectors will be placed in a conundrum, exposed to liability for both including the disclaimer and for omitting it. Cf. Lewis v. ACB Business Servs., Inc., 135 F.3d 389, 399-400 (6th Cir. 1998) ("[t]o punish [debt collector] for compliance with [§ 1692e(11)] [by disclosing] that it is an 'attempt[] to collect on a debt' would be an absurd result that we decline to reach."); Wade v. Reg'l Credit Ass'n, 87 F.3d 1098, 1100 (9th Cir. 1996) (finding no FDCPA violation based on "informational" disclaimer and noting that debt collector "would have violated the Act had it not included this statement"). Put simply, a debt collector should not be penalized for taking the precaution of including the disclaimer within its initial written communication to the debtor, in the event the debt is subject to the FDCPA. In any case, Providence's disclaimer is not sufficient to satisfy Boosahda's burden of showing the credit card debt was consumer debt. See Golliday v. Chase Home Fin.,

8

LLC, 761 F. Supp. 2d 629, 636 (W.D. Mich. 2011) (concluding plaintiff's reliance on disclaimer insufficient to defeat summary judgment as to firm's debt collector status and observing that firm should not be faulted when it "errs on the side of caution" by including disclaimer).

Similarly, Providence's motion for judgment in the state court action does not constitute evidence that the debt incurred on the Chase and First USA credit cards was consumer debt. Boosahda makes much of the fact that the state court action was initiated against him in his personal capacity. As the district court pointed out, however, that fact is not dispositive because a person can be sued in his or her individual capacity even for business debts. Indeed, the district court examined the billing statements in this case and concluded that any or all of the purchases could have been business expenses. Cf. Slenk v. Transworld Sys., Inc., 236 F.3d 1072, 1075 (9th Cir. 2001) (explaining that, in determining whether debt is consumer debt, court should "examine the transaction as a whole" and "look to the substance of the transaction and the borrower's purpose in obtaining the loan, rather than the form alone" (internal quotation marks omitted)); Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, LLC, 214 F.3d 872, 875 (7th Cir. 2000) (observing that whether debt is consumer debt depends on "the

9

transaction out of which the obligation to repay arose, not the obligation itself").[5]

Finally, we disagree with Boosahda that his declaration in opposition to Providence's summary judgment motion demonstrated that the amount owed on the credit cards was consumer debt. The district court properly determined that Boosahda's statements in that declaration conflicted with the answers he provided in his deposition. In the latter — as in his state court trial testimony — his sworn statements were tentative, i.e., he could not recall obtaining the Chase and First USA credit cards and did not remember making any purchases with those cards. Yet in his declaration Boosahda was able to state definitively that he never used those cards for any business purpose. Like the district court, we deem it troubling that Boosahda suddenly possessed knowledge of the nature of the debt, having repeatedly disavowed under oath knowledge of the debt itself.[6] See Cline v.

---

[5] Boosahda's reliance on Hansen v. Ticket Track, Inc., 280 F. Supp. 2d 1196 (W.D. Wash. 2003), and the unpublished Eleventh Circuit decision in Hepsen v. Resurgent Capital Servs., LP, 383 Fed. App'x 877 (11th Cir. 2010), is unavailing. The undisputed facts in Hansen showed that the parties' contract was of a personal nature. Likewise, in Hepsen, the court observed that the debtor had established that his debt was consumer debt because, inter alia, "it was not used for business" since he had a company-issued business card to use for business expenses. See 383 Fed. App'x at 884, n.7.

[6] We are also concerned by any continued reliance on the declaration since Boosahda's counsel conceded at oral argument
(Continued)

<u>Wal-Mart Stores, Inc.</u>, 144 F.3d 294, 301 (4th Cir. 1998) (reviewing denial of Rule 50(b) motion under same standard as Rule 56 motion and observing that Court will "assume that testimony in favor of the non-moving party is credible, unless totally incredible on its face" (internal quotation marks omitted)). In any event, "it is well established that a genuine issue of fact is not created where the only issue of fact is to determine which of the two conflicting versions of a party's testimony is correct." <u>Erwin v. United States</u>, 591 F.3d 313, 325 n.7 (4th Cir. 2010) (internal quotation marks and alterations omitted). As we have explained,

> [i]f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.

<u>Barwick v. Celotex Corp.</u>, 736 F.2d 946, 960 (4th Cir. 1984) (internal quotation marks omitted). Accordingly, the district court accurately concluded that Boosahda had failed to carry his burden of establishing an essential element of his FDCPA claims,

---

that Boosahda "cannot show what the purpose[s] of charges on [the Chase and First USA credit cards] were."

11

that the debt incurred on the Chase and First USA credit cards was consumer — as opposed to business or commercial — debt.[7]

IV.

Pursuant to the foregoing, we affirm the judgment of the district court.

AFFIRMED

---

[7] We decline Boosahda's invitation to consider that our disposition of this case might render it impossible for FDCPA plaintiffs who have been victimized by identity theft (or who otherwise have a legitimate collection defense) to stave off summary judgment. This is not a case of identity theft, as Boosahda conceded at oral argument, and we will not provide an advisory opinion on the evidentiary showing necessary to withstand summary judgment in such a case. Rather, we echo the sentiments of the decision Boosahda relies on, that "the determination of whether a debt is [a consumer debt] is a fact driven one, and should be decided on a case-by-case . . . basis looking at all relevant factors." Hansen, 280 F. Supp. 2d at 1204.