Delbert W. VANSTONE and Elizabeth R. Vanstone, Plaintiffs-Appellants,†

v.

TOWN OF DELAFIELD, a municipal corporation, Defendant-Respondent,

WAUKESHA COUNTY, a municipal corporation, and Applied Power, Inc., a Wisconsin corporation, Defendants.

Court of Appeals

*No. 93–0823. Submitted on briefs September 19, 1994.—Decided February 8, 1995.*

(Also reported in 530 N.W.2d 16.)

†Petition to review denied.

588

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Robert W. Roth,* of *Roth & Binn,* of Hartland.

On behalf of the defendant-respondent, the cause was submitted on the brief of *H. Stanley Riffle* and *Eric O. Schlieter* of *Arenz, Molter, Macy & Riffle, S.C.* of Waukesha.

Before Anderson, P.J., Brown and Nettesheim, JJ.

NETTESHEIM, J. This appeal raises issues under § 893.80(1), STATS., involving claims against a governmental entity. Delbert W. and Elizabeth R. Vanstone appeal from an order dismissing their complaint against the Town of Delafield. We hold that the Vanstones' claim was deficient under both the notice of injury and notice of claim provisions of the statute. We affirm the order of dismissal.

## FACTS AND PROCEDURAL HISTORY

The facts relevant to the appellate issues are not in dispute. On September 12, 1990, the Town adopted an amendment to its zoning ordinance which rezoned certain lands located adjacent to the Vanstones' residential property. This rezoning allowed for the development of a residential subdivision known as the Arbors.

Without previously serving a formal notice of injury and filing a notice of claim pursuant to § 893.80(1), STATS., the Vanstones commenced a prior action against the Town in February 1991. This action challenged the Town's rezoning on a variety of grounds.[1] The Town's answer to the Vanstones' com-

---

[1] The claims asserted in the Vanstones' action included: (1) the Town's failure to give proper notice of the impending rezon-

plaint alleged, inter alia, that the Vanstones had failed to comply with the notice and claim requirements of § 893.80(1). On November 19, 1991, while their action was pending, the Vanstones filed a formal notice of claim with the Town.

Following up on its answer, the Town then moved to dismiss the Vanstones' action on the grounds that the Vanstones had not filed the requisite notice and claim pursuant to § 893.80(1), STATS. In response, the Vanstones acknowledged that they had prematurely commenced the action, and they moved to dismiss the action without prejudice. The Town argued that the action should be dismissed with prejudice. The circuit court agreed with the Vanstones and the action was dismissed without prejudice. The correctness of this ruling is not before us on this appeal.

The Vanstones then commenced the present action on September 18, 1992. This action echoed many of the claims alleged in their prior action.[2] The Vanstones requested monetary damages and an injunction. Again, the Town moved to dismiss on the grounds that the Vanstones had commenced the present action without first presenting the requisite notice and claim required by § 893.80(1), STATS. In addition, the Town contended that the Vanstones' action was precluded under res judicata or judicial estoppel principles. The Vanstones countered that certain letters which they

---

ing, (2) private nuisance, (3) illegal contract zoning, (4) zoning beyond the authority conferred by the town ordinances, and (5) the developer's failure to provide the requisite fee and other required data in support of the rezoning request.

[2] The Vanstones' present action alleges: (1) the Town's failure to provide proper notice of the proposed rezoning, (2) private nuisance, and (3) zoning in violation of the town ordinances.

had written to various governmental officials satisfied the statute.[3]

In a bench ruling, the circuit court rejected the Town's res judicata and estoppel arguments.[4] However, the court also ruled that the Vanstones' letters were neither timely nor substantively sufficient to satisfy the statute. On these grounds, the court dismissed the action. The Vanstones appeal.

## DISCUSSION

### 1. *Section 893.80(1), STATS.*

We begin with an analysis of the statute. Section 893.80(1), STATS., has two components: notice of injury and notice of claim.

### a. *Notice of Injury*

The first component of the statute is notice of injury addressed in subsec. (1)*(a)*.[5] *See Elkhorn Area*

---

[3] It appears that the Vanstones agreed to dismiss their first action believing that the formal notice which they had filed with the Town during that action cleared the way for commencement of their second action. However, they did not pursue that possible line of defense to the Town's dismissal motion in the second action. Instead, they argued that their letters constituted compliance with § 893.80(1), STATS.

[4] The circuit court reasoned that the Vanstones' claims were not precluded under res judicata or estoppel principles because the court had not addressed the claims on the merits in the prior action. The Town does not renew its res judicata or estoppel arguments on appeal.

[5] Actually, § 893.80(1)(a), STATS., uses the word "claim," not "injury." Notice of injury is the label which the case law has put on this component of the statute. *See, e.g., Elkhorn Area Sch. Dist. v. East Troy Community Sch. Dist.*, 110 Wis. 2d 1, 5, 327 N.W.2d 206, 208 (Ct. App. 1982).

*Sch. Dist. v. East Troy Community Sch. Dist.*, 110 Wis. 2d 1, 5, 327 N.W.2d 206, 208 (Ct. App. 1982). The statute states that no action may be brought against a governmental entity unless, "[w]ithin 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim . . . is served on the . . . political corporation . . . .. Failure to give the requisite notice shall not bar action on the claim if the . . . corporation . . . had actual notice of the claim." Section 893.80(1)(a), STATS.

The notice of injury may be provided by two alternative means. In its first sentence, § 893.80(1)(a), STATS., contemplates formal service of the notice of injury on the governmental entity: "Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim . . . is served on the [governmental entity] . . .." *Id.* In the second sentence, the statute addresses a situation where formal service of the notice of injury is not provided but the governmental entity has nonetheless received actual notice of the injury: "Failure to give the requisite notice shall not bar action on the claim if the [governmental entity] . . . had actual notice of the claim and the claimant shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the [governmental entity] . . .." *Id.*

### b. *Notice of Claim*

The second component of the statute is notice of claim addressed in subsec. (1)*(b)*. *See DNR v. City of Waukesha*, 184 Wis. 2d 178, 197, 515 N.W.2d 888, 895 (1994). The statute states that no action may be brought against a governmental entity unless, "[a] *claim* containing the address of the claimant and an

592

itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk . . . for the [governmental entity]." Section 893.80(1)(b), STATS. (emphasis added). The statute does not recite any time limit for presentation of the notice of claim if it is presented separately from the notice of injury.

### c. Purposes of the Notice of Injury and the Notice of Claim

These two statutory components serve different governmental interests. *Colburn v. Ozaukee County*, 39 Wis. 2d 231, 238, 159 N.W.2d 33, 35 (1968). The purpose of the notice of injury is to notify the governmental entity of the potential claim so that it might investigate and evaluate. *Mannino v. Davenport*, 99 Wis. 2d 602, 610, 299 N.W.2d 823, 826 (1981). The purpose of the notice of claim is to afford the governmental entity an opportunity to effect compromise without suit, *see Colburn*, 39 Wis. 2d at 238, 159 N.W.2d at 35-36, and to budget for settlement or litigation, *DNR*, 184 Wis. 2d at 198, 515 N.W.2d at 895-96.

We conclude our analysis of the statute with an observation important to this case: the notice of injury and notice of claim provisions of § 893.80(1), STATS., are unambiguously stated in the conjunctive. Thus, both provisions must be satisfied before the claimant may commence an action against the governmental entity.

### 2. The Sufficiency of the Vanstones' Communications

The Vanstones contend that three letters which they wrote to various governmental officials satisfied the requirements of the statute. The first letter was written on November 15, 1990, to the chairman of the

Town's planning commission. The second letter was written on December 17, 1990, to the chairman of the town board. The third letter was written on January 5, 1991, to the chairman of the Waukesha County Park and Planning Commission with a copy provided to the Town's planning commission chairman.[6]

In these letters, the Vanstones challenged the Town's preliminary approval of the proposed development and requested that the Town deny final approval. In addition, they contended that the proposed location of an access road directly across the street from their home would interfere with the use and enjoyment of their property and would devalue their property. They also contended that the location of the road would create a safety hazard.

The Town's motion for dismissal and the Vanstones' response to the motion focused on the notice of injury provisions set out in subsec. (1)(a) of § 893.80, STATS. In this context, the circuit court ruled that the Vanstones' letters were substantively insufficient to satisfy the statute. The court reasoned, in part, that the letters were "simply, if nothing more, expressions of concern, exhortations to various officials to take a particular action." Given the focus of the parties on the notice of injury provisions of subsec. (1)(a), it appears

---

[6] The Vanstones wrote these letters prior to the commencement of their prior action. Yet they did not rely on these letters as satisfying the requirements of § 893.80(1), STATS. To the contrary, they conceded that they had not complied with the statute and thus obtained a voluntary dismissal of that action.

Yet, in this action, the Vanstones now assert that the letters constitute the requisite notice and claim under the statute. On this basis, the Town rested its res judicata and judicial estoppel arguments. However, as noted, the Town does not pursue these arguments on appeal.

from our reading of the record that the circuit court's ruling spoke to the sufficiency of the Vanstones' letters as a notice of injury rather than as a notice of claim. If that was the thrust of the circuit court's ruling, we disagree. As we will shortly explain, we hold that the letters were sufficient as a notice of injury. However, we further hold that the letters were insufficient as a notice of claim.

Our departure from the circuit court's approach on this matter is of no consequence. The issue was raised by the Town's motion to dismiss the Vanstones' complaint for failure to state a claim. The sufficiency of a pleading raises a question of law which we review de novo. *Koestler v. Pollard*, 162 Wis. 2d 797, 802, 471 N.W.2d 7, 9 (1991). Moreover, we may affirm on grounds different than those relied on by the trial court. *Liberty Trucking Co. v. DILHR*, 57 Wis. 2d 331, 342, 204 N.W.2d 457, 463-64 (1973).

As noted, we hold that the letters satisfied the notice of injury component set out in subsec. (1)(a) of § 893.80, STATS. The letters provided "written notice of the circumstances of the claim." *Id.* Moreover, they afforded the Town an opportunity to investigate and evaluate a potential claim from the Vanstones. *See Mannino*, 99 Wis. 2d at 610, 299 N.W.2d at 826. This is borne out by the fact that the Town took some steps to minimize the impact of the Arbors development in response to the letters. Finally, the letters are not insufficient as a notice of injury by their failure to state a dollar amount for the grievance because such is not required in a notice of injury. *See id.* at 610, 299 N.W.2d at 826-27.

However, we further hold that the letters did not satisfy the notice of claim component set out in subsec. (1)(b) of § 893.80, STATS. That subsection requires, in part, "an *itemized* statement of the relief sought." *Id.* (emphasis added). The letters recite no such data. In addition, unlike a notice of injury, our supreme court has recently reaffirmed that a notice of claim "must state a specific dollar amount." *DNR*, 184 Wis. 2d at 199, 515 N.W.2d at 896.[7] In a decision following *DNR*, the supreme court clarified that the notice of claim requirement applies where a compensatory damage claim is asserted. This is so even where such a claim is joined with noncompensatory claims. *Lewis v. Sullivan*, 188 Wis. 2d 157, 169 n.9, 524 N.W.2d 630, 634 (1995). While the Vanstones' letters intimate the prospect of a future lawsuit, they nowhere satisfy this requirement. Thus, the Vanstones failed to satisfy the notice of claim prerequisite to commencing this action against the Town.

### 3. *Formal Notice vs. Actual Notice*

Alternatively, we affirm the judgment of dismissal even if we limit our consideration to the notice of injury provisions of § 893.80(1)(a), STATS.

As we have already explained, subsec. (1)(a) envisions two methods by which a governmental entity may obtain notice of the claimant's injury: (1) formal service of the requisite notice, or (2) actual notice. Here, the record shows no formal service of the requisite notice by the Vanstones and we do not understand the Van-

---

[7] We placed this case on hold pending the Wisconsin Supreme Court's decision in *DNR v. City of Waukesha*, 184 Wis. 2d 178, 515 N.W.2d 888 (1994).

stones to so argue. Instead, they rely on their letters as constituting actual notice under the statute.

However, § 893.80(1)(a), STATS., expressly provides that in an actual notice setting, the claimant must "[show] to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the [governmental entity]." And, the case law holds that when a governmental entity asserts noncompliance with the statute as a defense to the action, the claimant "has the burden of proving the giving of notice or actual notice *and* the nonexistence of prejudice." *Elkhorn Sch. Dist.*, 110 Wis. 2d at 5, 327 N.W.2d at 208 (emphasis added).

Here, even after the Town raised this issue, the Vanstones never demonstrated the nonexistence of prejudice to the Town. Thus, the circuit court correctly stated that "there has been no proof offered by [the Vanstones] relative to prejudice."[8] We therefore conclude that the Vanstones also failed to comply with the notice of injury prerequisite to commencing this action against the Town.

---

[8] Based on the Vanstones' failure to show lack of prejudice to the Town, the circuit court stated that the issue then turned on whether the Vanstones had shown "requisite notice." As we have previously indicated, we are uncertain if the court was referring to the notice of injury or the notice of claim provision of the statute. However, as we have already stated, if the court's ensuing ruling was that the letters failed to provide notice of injury, we disagree with the ruling. However, if the court's ruling was that the letters failed to provide adequate notice of claim, we agree with the ruling.

### 4. The Effect of the Prior Lawsuit

Next, the Vanstones argue that the commencement of their prior lawsuit satisfied the notice of injury requirements of § 893.80(1)(a), STATS. Here again, the Vanstones cast their argument in terms of actual notice, not formal or requisite notice. As we have already explained, actual notice also required the Vanstones to demonstrate the absence of prejudice to the Town. The Vanstones' prior action failed to address this required factor.

In addition, the Vanstones' pleadings and other filings in the prior action suffer from the same defect as their letters because they do not recite a specific dollar amount as required by the decisions of the Wisconsin Supreme Court. *See DNR*, 184 Wis. 2d at 199, 515 N.W.2d at 896. As previously noted, in order to sustain this action, the Vanstones must have first complied with both the notice of injury *and* the notice of claim requirements of § 893.80(1), STATS. Because their prior action did not satisfy the statutory requirement for a valid notice of claim, this action fails.[9]

*By the Court.*—Order affirmed.

---

[9] Because we have decided this case on the basis of the substantive content of the Vanstones' letters and prior lawsuit, we need not discuss the circuit court's further ruling that the Vanstones' notice was, in any event, untimely under the 120-day time limit of § 893.80(1)(a), STATS.