Michael J. SCHEIDLER and Kelly R. Scheidler, Plaintiffs-Respondents,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant-Appellant.†

Court of Appeals

*No. 02–3356. Submitted on briefs May 27, 2003.—Decided June 10, 2003.*

2003 WI App 159

(Also reported in 667 N.W.2d 367.)

† Petition to review denied 10-1-03.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Beverly Wickstrom* and *Richie, Wickstrom & Wachs, LLP*, of Eau Claire.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Michael F. O'Brien* and *Kelly & Ryberg, S.C.*, of Eau Claire.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J. American Family Mutual Insurance Company appeals a declaratory judgment that coverage exists for damage caused by a sump pump to Michael and Kelly Scheidlers' home. Specifically, American Family contends that the trial court erred in construing the policy. We disagree and affirm.

## Background

¶ 2. The facts are undisputed and the procedural history uncomplicated. American Family issued the Scheidlers a property insurance policy. The policy covered damage to the Scheidlers' physical dwelling under Coverage A.

¶ 3. The policy's "Perils Insured Against—Section I," which we refer to as the "breakdown clause," includes the following language:

> **We** do not cover loss to the property described in Coverage A . . . resulting directly or indirectly from or caused by one or more of the following. . . .
>
> . . . .
>
> 6. **Other Causes of Loss**:
>
> a. wear and tear, . . . deterioration;
>
> b. . . . mechanical breakdown;
>
> . . . .
>
> If any of these caused water . . . to escape from a plumbing . . . system or household appliance, **we** cover loss caused by the water or steam.

¶ 4. The policy also includes the following exclusion, which we refer to as the "sump pump" exclusion:

> The following exclusions apply to Coverage A – . . . **We** do not insure for loss caused directly or indirectly by any of the following. . . .
>
> . . . .
>
> 9. **Water Damage**, meaning:
>
> . . . .

b. water . . . which enters into and overflows or accidentally discharges from within a sump pump, sump pump well, sump pump well discharge system or other type system designed to remove subsurface water which is drained from the foundation area . . . .

¶ 5. On April 14, 2002, the Scheidlers' sump pump malfunctioned, causing water to enter the home and damage its physical structure as well as personal property. The Scheidlers sought coverage under their policy for the structural damage, which American Family denied on the basis of the sump pump exclusion. The Scheidlers brought suit, contesting American Family's determination by arguing that the breakdown clause applied.

¶ 6. The Scheidlers moved for declaratory judgment on the coverage issue. The trial court determined that there was a conflict between one general and one specific section of the policy creating an ambiguity to be construed against the insurer. American Family appeals.

## Standard of Review

¶ 7. Interpretation of an insurance policy is a question of law that we review de novo. *Ginder v. General Cas. Ins. Co.*, 2000 WI App 197, ¶ 4, 238 Wis. 2d 506, 617 N.W.2d 857. We interpret a policy according to its common and ordinary meaning as understood by a reasonable insured. *Kremers-Urban Co. v. American Employers Ins. Co.*, 119 Wis. 2d 722, 735, 351 N.W.2d 156 (1984). It is well established that when general and specific provisions are in conflict, the specific provision prevails. *Ruppa v. American States Ins. Co.*, 91 Wis. 2d 628, 641–42, 284 N.W.2d 318 (1979). Here, the sole

question is whether the sump pump exclusion or the breakdown clause is the more specific provision of the policy.

## Discussion

¶ 8. American Family contends that the sump pump exclusion is the more specific provision because it names a certain type of plumbing equipment—the sump pump.[1] The breakdown clause, on the other hand, only mentions the generic plumbing system. It also argues that adopting the Scheidlers' interpretation would render the sump pump exclusion superfluous. We disagree with both contentions.

¶ 9. We conclude, for two reasons, that the breakdown clause is the more specific clause. First, it is an exception to an exception. We start with the idea that an insurance contract generally provides coverage. Both the sump pump exclusion as well as the breakdown clause appear in sections excluding coverage: the sump pump exclusion is in the **"Water Damage"** section, and the breakdown clause is in the **"Other Causes of Loss"** section. The breakdown clause, however, is a further exception to the exclusion; in effect, it reinstates coverage for certain occurrences. This reinstatement of coverage is a more specific function of the breakdown clause than the sump pump exclusion's revocation of coverage.

¶ 10. Second, mechanical breakdowns are generally accidents, but not all accidents are necessarily mechanical breakdowns. In other words, the break-

---

[1] American Family concedes that the sump pump is included in the definition of "plumbing." It also does not challenge the claim that the pump broke down due to mechanical failure.

down clause provides coverage for a specific type of accident that might otherwise not be covered—mechanical failure. Contrary to American Family's argument, this does not render the sump pump exclusion superfluous. If the sump pump experienced heavy pressure from an unusual volume of water causing accidental discharge, the sump pump exclusion might apply. Alternatively, if the sump pump simply could not pump water fast enough resulting in an overflow, the sump pump's accidental discharge language might apply as well.

¶ 11. American Family invites us to construe the policy based on what it contends American Family intended or bargained for. This ignores not only the rule we have already applied, that we interpret insurance policies from a reasonable insured's perspective, *see Kremers-Urban*, 119 Wis. 2d at 735, but also the rule that to go beyond the written language of the document we must determine there is an ambiguity. *See Peace v. Northwestern Nat'l Ins. Co*, 228 Wis. 2d 106, 140, 596 N.W.2d 429 (1999).[2] Although the trial court so ruled, we do not conclude that the policy is ambiguous.[3] Rather, we rely exclusively on the *Ruppa* rule regarding more specific provisions. *Id.* at 741–42.

---

[2] Moreover, as we noted in *Peace v. Northwestern Nat'l Ins. Co.*, 228 Wis. 2d 106, 140, 596 N.W.2d 429 (1999),

> once a court finds ambiguity in the policy, it almost automatically rules against the insurer. The Catch-22 in insurance cases is that once ambiguity has been found, the insurer will lose even if the insurer has the better argument about how to construe its clause based on evidence outside the insurance contract.

[3] We may affirm on grounds other than those relied upon by the trial court. *See Vanstone v. Town of Delafield*, 191 Wis. 2d 586, 595, 530 N.W.2d 16 (Ct. App. 1995).

¶ 12. We have concluded that the more specific provision of the policy—drafted by American Family—applies to cover damage to the Scheidlers' structural damage. We need not further analyze the policy.

*By the Court.*—Judgment affirmed.