COURT OF APPEALS
DECISION
DATED AND FILED

August 15, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP640-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2020CF277**

**IN COURT OF APPEALS
DISTRICT III**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

KYLE C. DARNELL,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Barron County: MAUREEN D. BOYLE, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. The State charged Kyle Darnell with three offenses, including being a felon in possession of a firearm. At his jury trial,

Darnell conceded that he had a prior felony conviction and that he had briefly possessed a firearm. He claimed, however, that he had taken possession of the firearm only because he believed that his girlfriend, Sylvia,[1] was suicidal and might use the firearm to harm herself. Darnell therefore asserted that he was privileged to possess the firearm in order to defend Sylvia from imminent harm, and he asked the circuit court to instruct the jury on the defense of privilege. The State opposed Darnell's request, arguing that the privilege defense recognized in *State v. Coleman*, 206 Wis. 2d 199, 210, 556 N.W.2d 701 (1996), applies only when a defendant acts in self-defense, not when he or she acts in defense of others. The court determined that Darnell was not entitled to his requested instruction on privilege, and the jury subsequently convicted Darnell of being a felon in possession of a firearm.[2]

¶2      Darnell now appeals, arguing that the circuit court erroneously exercised its discretion by refusing to give his requested jury instruction on privilege. In addressing this argument, we assume, without deciding, that the defense of privilege recognized in *Coleman* can apply to a charge of being a felon in possession of a firearm when the defendant claims that he or she acted in defense of others, rather than in self-defense. We nevertheless conclude that the court properly exercised its discretion by refusing to give Darnell's requested instruction on privilege because the evidence at trial did not support a privilege defense under *Coleman*'s five-factor test. We therefore affirm.

---

[1] For ease of reading, we use a pseudonym when referring to Darnell's girlfriend, rather than her initials.

[2] The jury also convicted Darnell of threatening a law enforcement officer, but Darnell does not challenge that conviction on appeal. The jury acquitted Darnell of false imprisonment.

**BACKGROUND**

¶3      At Darnell's trial in January 2021, Sylvia testified that she and Darnell were in a romantic relationship and had been living together for almost one year. On September 1, 2020, she and Darnell got into an argument after she arrived home from work and found him drinking alcohol. Sylvia testified that she was "fed up" with Darnell's drinking and told him that she was "going to leave." She went inside to get her handgun because she was "concerned [about] leaving it there." As she was taking the gun, Darnell pushed her hand into a door. According to Sylvia, Darnell did not want her to take the gun "because he was concerned that [she] was going to take it and use it on [her]self."

¶4      Sylvia testified that she put her gun in her bag, but Darnell later removed it and told her that she could "leave if [she] wanted to, but [she] could not have [her] gun because he was concerned that [she] was going to kill [her]self." Sylvia "constantly" told Darnell that "it's not going to happen." Sylvia conceded that she was depressed on the day in question, but she denied being suicidal at that time or making any statements to that effect.

¶5      Sylvia testified that she did not want to leave her gun with Darnell because he had "made previous statements that he would hurt himself with [her] gun if anything should happen to [her]." However, Darnell was "persistent" in his refusal to give Sylvia the gun. Sylvia therefore called 911 "and said that he had my gun, I wasn't allowed to leave with my gun, and that I wasn't able to control him that night."

¶6      On cross-examination, Sylvia admitted that she and Darnell had been having difficulties in their relationship during the three-month period preceding this incident, caused by financial problems and "strain" associated with

3

the COVID-19 pandemic. Sylvia also conceded that she had been experiencing clinical depression and suicidal thoughts during that three-month period. In addition, Sylvia admitted that she had previously expressed her suicidal thoughts to Darnell and had told him that she would use a firearm to kill herself.

¶7      Darnell testified in his own defense and admitted that he and Sylvia had gotten into a verbal argument on September 1, 2020. He confirmed that he and Sylvia had been having difficulties in their relationship for three months prior to that date and testified that he was concerned about Sylvia's mental health. Darnell specifically testified that, on the night of September 1, he believed that Sylvia was depressed and suicidal and that, if he left Sylvia's gun with her, she might use it to end her life. Darnell testified that he therefore took the gun and placed it on top of a cabinet. He testified that he had the gun in his hand for only a brief period of time—"long enough for, like, four, five steps."

¶8      On cross-examination, Darnell conceded that: (1) he took possession of Sylvia's gun on September 1, 2020; (2) he was a convicted felon; (3) as a result of his status as a convicted felon, he was not allowed to possess a firearm; and (4) he was aware on September 1 that he was not allowed to possess a firearm. Darnell also admitted that Sylvia had not made any suicidal statements on the evening of September 1. On redirect examination, however, Darnell reiterated that Sylvia had previously told him that she was suicidal.

¶9      Darnell requested that the circuit court instruct the jury regarding the defense of privilege, using WIS JI—CRIMINAL 1343A (2008).[3] In *Coleman*, our

---

[3] All references to WIS JI—CRIMINAL 1343A are to the 2008 version, which is the current version of that instruction.

4

supreme court recognized "a narrow defense of privilege under WIS. STAT. § 939.45(6) [(1989-90)] … to a charge of felon in possession of a firearm."[4] *Coleman*, 206 Wis. 2d at 210. To be entitled to the defense, a defendant must prove:

> (1) the defendant was under an unlawful, present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury, or the defendant reasonably believes he or she is under such a threat; (2) the defendant did not recklessly or negligently place himself or herself in a situation in which it was probable that he or she would be forced to possess a firearm; (3) the defendant had no reasonable, legal alternative to possessing a firearm, or reasonably believed that he or she had no such alternative; in other words, the defendant did not have a chance to refuse to possess the firearm and also to avoid the threatened harm, or reasonably believed that he or she did not have such a chance; (4) a direct causal relationship may be reasonably anticipated between possessing the firearm and the avoidance of the threatened harm; [and] (5) the defendant did not possess the firearm for any longer than reasonably necessary.

*Id.* at 210-11 (footnote omitted). This "narrow defense" is now set forth in WIS JI—CRIMINAL 1343A.

¶10 Both *Coleman* and WIS JI—CRIMINAL 1343A discuss the defense of privilege in the context of a defendant possessing a firearm in self-defense. However, at the formal jury instruction conference following the close of evidence, Darnell asked the circuit court to give a modified version of WIS JI—CRIMINAL 1343A, which would state that Darnell was privileged to possess a firearm if he reasonably believed that he *or a third person* was under an unlawful

---

[4] All further references to the Wisconsin Statutes are to the 2021-22 version.

threat of imminent death or great bodily harm. In other words, Darnell sought to extend the privilege discussed in *Coleman* and WIS JI—CRIMINAL 1343A beyond situations where a defendant possesses a firearm in self-defense to situations where a defendant does so in defense of others. The State opposed Darnell's request, arguing that under *Coleman*, "[d]efense of others" is not an "available defense" to a charge of being a felon in possession of a firearm.

¶11    The circuit court agreed with the State that the privilege defense recognized in *Coleman* does not apply when a defendant asserts that he or she possessed a firearm in defense of others, rather than in self-defense. The court also stated that it was not "so sure" that Darnell had proven the second, third, and fourth factors discussed in *Coleman*. The court therefore denied Darnell's request for a modified version of WIS JI—CRIMINAL 1343A.

¶12    The jury ultimately found Darnell guilty of being a felon in possession of a firearm. The circuit court imposed and stayed a sentence of four years' initial confinement followed by four years' extended supervision on that charge and placed Darnell on probation for three years. Darnell now appeals, arguing that the court erred by denying his request for a modified version of WIS JI—CRIMINAL 1343A.

**DISCUSSION**

¶13    On appeal, the parties dispute whether the privilege defense recognized in *Coleman* and WIS JI—CRIMINAL 1343A can apply in a case, like this one, where the defendant asserts that he possessed a firearm in defense of another person, rather than in self-defense. We need not resolve this issue, however, because we can decide this case on narrower grounds. *See Patrick Fur Farm, Inc. v. United Vaccines, Inc.*, 2005 WI App 190, ¶8 n.1, 286 Wis. 2d 774,

703 N.W.2d 707 (stating that the court of appeals decides cases on the narrowest possible grounds).

¶14 For purposes of this appeal, we assume, without deciding, that the defense of privilege discussed in *Coleman* and WIS JI—CRIMINAL 1343A can apply when a defendant asserts that he or she possessed a firearm in defense of another person. Nevertheless, we conclude that the circuit court did not err by denying Darnell's request for a modified version of WIS JI—CRIMINAL 1343A because Darnell did not produce sufficient evidence to satisfy all five of the factors set forth in *Coleman*.[5] *See Coleman*, 206 Wis. 2d at 210-11; *see also*

---

[5] WISCONSIN STAT. § 939.45(6) sets forth six circumstances in which "[t]he defense of privilege can be claimed." In *State v. Coleman*, 206 Wis. 2d 199, 210-11, 556 N.W.2d 701 (1996), our supreme court recognized a "narrow defense of privilege … to a charge of felon in possession of a firearm" under § 939.45(6), which states that a defendant may assert a privilege defense "[w]hen for any other reason the actor's conduct is privileged by the statutory or common law of this state."

On appeal, Darnell argues that when the *Coleman* court recognized a narrow defense of privilege to a charge of being a felon in possession of a firearm under WIS. STAT. § 939.45(6), it did so "without precluding other applicable privilege defenses" under § 939.45(1)-(5). Accordingly, Darnell contends that *Coleman* does not prevent him from asserting a privilege defense under one or more of those subsections based on his defense of a third person.

This argument fails because Darnell expressly asked the circuit court to provide a modified version of WIS JI—CRIMINAL 1343A, which is based on the narrow privilege defense recognized in *Coleman*. Although Darnell initially asked the court to instruct the jury on coercion under WIS. STAT. § 939.46, and although conduct that occurs under circumstances of coercion may be privileged under WIS. STAT. § 939.45(1), Darnell concedes on appeal that he "effectively withdrew" his request for a coercion instruction before trial. Having abandoned his request for a coercion instruction in the circuit court, Darnell cannot now argue that the court erred by failing to instruct the jury on coercion under either § 939.45(1) or § 939.46. *See Bishop v. City of Burlington*, 2001 WI App 154, ¶8, 246 Wis. 2d 879, 631 N.W.2d 656 ("A litigant must raise an issue with sufficient prominence such that the [circuit] court understands that it is being called upon to make a ruling.").

(continued)

*Vanstone v. Town of Delafield*, 191 Wis. 2d 586, 595, 530 N.W.2d 16 (Ct. App. 1995) (noting that we may affirm a circuit court's decision on different grounds).

¶15    "A circuit court has broad discretion in deciding whether to give a requested jury instruction." *Coleman*, 206 Wis. 2d at 212.  However, the court must exercise its discretion "to fully and fairly inform the jury of the rules of law applicable to the case and to assist the jury in making a reasonable analysis of the evidence." *Id.* (citation omitted).

¶16    A defendant is entitled to a jury instruction on a theory of defense if, among other things, "the defense is supported by sufficient evidence." *Id.* at 212-13.  When determining whether there is sufficient evidence to support a defense, a court must ask whether a "reasonable construction of the evidence will support the defendant's theory." *Id.* at 213 (citation omitted).  A court may not weigh the evidence when making this determination but must view the evidence in the light most favorable to the defendant. *Id.* at 213-14.  The defendant bears the burden of producing sufficient evidence to support a particular defense. *Id.* at 214.

¶17    In this case, Darnell failed to produce sufficient evidence to show that he was entitled to a modified version of WIS JI—CRIMINAL 1343A.  As noted above, to assert the privilege defense recognized in *Coleman* and WIS JI—CRIMINAL 1343A, a defendant must establish five factors.  *See Coleman*, 206

---

Furthermore, to the extent Darnell now intends to argue that he was entitled to a jury instruction based on any of the privilege defenses in WIS. STAT. § 939.45(2)-(5), he forfeited that argument by failing to raise it in the circuit court. *See Tatera v. FMC Corp.*, 2010 WI 90, ¶19 n.16, 328 Wis. 2d 320, 786 N.W.2d 810 ("Arguments raised for the first time on appeal are generally deemed forfeited.").  In any event, Darnell does not present a developed argument that he was entitled to an instruction on any of the privilege defenses set forth in § 939.45(1)-(5), and this court need not address undeveloped arguments. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

Wis. 2d at 210-11. The first of those factors is that the defendant "reasonably believed [that he or she] was under an unlawful threat of imminent death or great bodily harm." *See* WIS JI—CRIMINAL 1343A. For purposes of this appeal, we assume, without deciding, that this factor can be satisfied by showing that the defendant reasonably believed that *another person* "was under an unlawful threat of imminent death or great bodily harm." *See* **id.** Even so, the evidence introduced at trial does not satisfy this factor.

¶18 When viewed in the light most favorable to Darnell, the evidence introduced at trial can be reasonably construed as showing that Darnell reasonably believed that Sylvia might use her gun to kill or harm herself if he allowed her to leave their home with the gun. The first **Coleman** factor, however, required evidence that Darnell reasonably believed that Sylvia "was under an *unlawful* threat of imminent death or great bodily harm." *See* WIS JI—CRIMINAL 1343A (emphasis added). Suicide, attempted suicide, and self-harm are not crimes under Wisconsin law.[6] As a result, even if Darnell reasonably believed that Sylvia would pose a threat of imminent death or great bodily harm to herself if he allowed her to leave their home with her gun, Darnell had no reason to believe that Sylvia posed an *unlawful* threat to herself.

¶19 In his reply brief, Darnell does not dispute that suicide, attempted suicide, and self-harm are not crimes under Wisconsin law. Instead, he contends—without supporting analysis—that this fact is "irrelevant." Darnell's

---

[6] Although suicide was a common law crime, *see* **Bisenius v. Karns**, 42 Wis. 2d 42, 52, 165 N.W.2d 377 (1969), "[c]ommon law crimes were abolished in Wisconsin in the 1955 Criminal Code," **State v. Genova**, 77 Wis. 2d 141, 145, 252 N.W.2d 380 (1977); *see also* WIS. STAT. § 939.10 ("Common law crimes are abolished.").

argument on this point is conclusory. He fails to engage with the notion that, under the first *Coleman* factor, he was required to show that he reasonably believed Sylvia was under an *unlawful* threat of imminent death or great bodily harm. *See* WIS JI—CRIMINAL 1343A.

¶20 Darnell also argues in his reply brief that "there was no testimony to suggest that [he] knew or believed suicide was lawful." Darnell apparently believes that, without such testimony, the evidence was sufficient to show that he reasonably believed Sylvia was under an unlawful threat. This argument overlooks the fact that it was Darnell's burden to produce evidence sufficient to support his claimed privilege defense. *See Coleman*, 206 Wis. 2d at 214. Despite having this burden, Darnell did not introduce any evidence to suggest that he was unaware that suicide, attempted suicide, and self-harm are not crimes. As such, even construing the evidence in the light most favorable to Darnell, he failed to carry his burden to produce sufficient evidence to satisfy the first *Coleman* factor.

¶21 Darnell also failed to carry his burden with respect to the third *Coleman* factor. To satisfy that factor, Darnell was required to produce evidence showing that he "had no reasonable, legal alternative to possessing a firearm, or [he] reasonably believed that he … had no such alternative." *See id.* at 211. We agree with the State that even if Darnell truly believed that Sylvia posed an imminent threat to herself, he had a clear alternative to taking her gun—namely, he could have called the police. *See, e.g.*, *United States v. Gant*, 691 F.2d 1159, 1164 (5th Cir. 1982) (concluding the defendant had failed to show that he had no alternative to violating the law because "[t]he most obvious legal remedy that [the defendant] failed to pursue was simply to call the police"). Thus, even when viewed in the light most favorable to Darnell, the evidence cannot be reasonably

construed as showing that Darnell had no reasonable, legal alternative to possessing Sylvia's gun.

¶22 Because Darnell failed to produce sufficient evidence to establish the first and third *Coleman* factors, he failed to show that he was entitled to a modified version of WIS JI—CRIMINAL 1343A. As a result, the circuit court did not erroneously exercise its discretion by denying Darnell's request for that instruction.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.