COURT OF APPEALS
DECISION
DATED AND FILED

November 12, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.      **2023AP2283**

STATE OF WISCONSIN

Cir. Ct. No.  2023CV1061

IN COURT OF APPEALS
DISTRICT II

---

DNF ASSOCIATES, LLC,

   PLAINTIFF-RESPONDENT-CROSS-APPELLANT,

 V.

JEANETTE WITTMANN,

   DEFENDANT-APPELLANT-CROSS-RESPONDENT.

---

APPEAL and CROSS-APPEAL from an order of the circuit court for Waukesha County: BRAD SCHIMEL, Judge. *Affirmed*.

Before Gundrum, Grogan, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jeanette Wittmann appeals, and DNF Associates, LLC cross-appeals, from the circuit court's order granting DNF's motion to dismiss Wittmann's counterclaims. The court of appeals' recent decision in *Plaza Services LLC v. Burton*, 2025 WI App 51, 418 Wis. 2d 123, 25 N.W.3d 556, addressed the same three issues Wittmann raises on appeal. Applying the holding in *Plaza Services* to this case, we affirm the dismissal of Wittmann's counterclaims.

¶2 In its cross-appeal, DNF argues that Wittmann's counterclaims also fail because DNF is not a "creditor" within the meaning of the Wisconsin Consumer Act. Because we affirm the dismissal of Wittmann's counterclaims on other grounds, we will not address the merits of DNF's argument. *See Turner v. Taylor*, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (noting that we need not address all issues when the resolution of one issue is dispositive); *State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) ("[C]ases should be decided on the narrowest possible ground[.]").

## BACKGROUND

¶3 On May 9, 2023, DNF commenced a small claims action against Wittmann to recover a defaulted credit card debt. Wittmann filed an answer on June 2, 2023, along with counterclaims under the Wisconsin Consumer Act ("WCA") and Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. §§ 1692-1692p (2024). The parties stipulated to a voluntary dismissal of DNF's complaint, and DNF filed a motion to dismiss Wittmann's counterclaims pursuant to WIS. STAT. § 802.06(2)(a)6. (2023-24)[1] for failure to state a claim. On

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

October 23, 2023, the circuit court entered an order dismissing both the complaint and counterclaims.

## DISCUSSION

¶4    Wittmann asks this court to determine: (1) whether a consumer can sue under WIS. STAT. § 427.104(1)(k) of the WCA when an attorney is not "meaningfully involved" in preparing the demand letters and complaint, and if so, whether Wittmann sufficiently alleged a claim; (2) whether a consumer can recover under WIS. STAT. ch. 427 of the WCA when a merchant intentionally or willfully violates the pleading requirements set forth in WIS. STAT. § 425.109; and (3) whether DNF's failure to send Wittmann a notice of her right to cure default prior to filing suit, in violation of WIS. STAT. § 425.105, gives rise to a cause of action under the FDCPA.   Based on the holding in *Plaza Services* and our supreme court's decision in *Security Finance v. Kirsch*, 2019 WI 42, 386 Wis. 2d 388, 926 N.W.2d 167, we reject Wittmann's arguments and affirm the circuit court's order. [2]

¶5    Whether a complaint or counterclaim states a claim upon which relief can be granted is a question of law that we review de novo.  *Hermann v. Town of Delavan*, 215 Wis. 2d 370, 378, 572 N.W.2d 855 (1998).   When reviewing a motion to dismiss, we accept all factual allegations in the counterclaim as true.  *Id.*  However, legal conclusions are not accepted as true, and

---

[2] We may affirm on grounds different than those relied on by the trial court.  *Vanstone v. Town of Delafield*, 191 Wis. 2d 586, 595, 530 N.W.2d 16 (Ct. App. 1995) (citing *Liberty Trucking Co. v. DILHR*, 57 Wis. 2d 331, 342, 204 N.W.2d 457 (1973)).

they are insufficient to withstand a motion to dismiss. ***Data Key Partners v. Permira Advisers LLC***, 2014 WI 86, ¶19, 356 Wis. 2d 665, 849 N.W.2d 693.

¶6    Wittmann's first counterclaim alleges that DNF's attorney was not "meaningfully involved" in preparing the demand letters and complaints served on her, in violation of WIS. STAT. § 427.104(1)(k).[3]    Integral to this claim is Wittmann's contention that the "meaningful involvement" requirement recognized in section 1692e(3) of the FDCPA should also be read into the WCA at § 427.104(1)(k).    15 U.S.C. § 1692e.    Based on the plain language of the statute and the ordinary meaning of words, the ***Plaza Services*** court rejected this argument, explaining that "[t]he meaningful involvement requirement found in 15 U.S.C. § 1692e simply cannot likewise be read into [§] 427.104(1)(k) because the language of the FDCPA and the WCA are not the same." *See* ***Plaza Servs.***, 418 Wis. 2d 123, ¶23.    Accordingly, Wittmann's "meaningful involvement" claim must also fail, and we affirm the dismissal of that claim.

¶7    Wittmann's next counterclaim, based on DNF's alleged violation of WIS. STAT. § 425.109's pleading requirements, was also addressed in ***Plaza Services***. *See* ***Plaza Servs.***, 418 Wis. 2d 123, ¶28.    In particular, Wittmann asserts a cause of action under WIS. STAT. § 427.104 due to DNF's "intentional or willful" failure to include "detailed information about the figures necessary to determine the amount owed" and "specific information about the exact default[.]" The ***Plaza Services*** court relied on our supreme court's interpretation of § 425.109

---

[3] WISCONSIN STAT. § 427.104(1)(k) prohibits a debt collector from using "a communication which … gives the appearance of being authorized, issued or approved by a[n] … attorney-at-law when it is not."    Wittmann argues that because DNF's attorney was not "meaningfully involved" in drafting the demand letter and complaint, they were not actually "authorized" by an attorney.

4

in *Kirsch* to conclude that failure to comply with the pleading requirements of § 425.109 does not give rise to a § 427.104 claim for damages. *See Plaza Servs.*, 418 Wis. 2d 123, ¶¶30-31 (citing *Kirsch*, 386 Wis. 2d 388, ¶¶2, 19 n.8). The court further concluded that attorney fees may be awarded but "only if the debtor can establish that the noncompliance was willful or intentional." *Plaza Servs.*, 418 Wis. 2d 123, ¶31 (citing § 425.109(4)). Wittmann's allegation that DNF's attorney regularly files collection suits in Wisconsin and therefore "knows or should know" of the WCA's pleading requirements, was the same claim that *Plaza Services* determined to be insufficient. *See Plaza Servs.*, 418 Wis. 2d 123, ¶¶32-33. Therefore, we affirm dismissal of Wittmann's claims arising from §§ 425.109 and 427.104.

¶8 Wittmann's final counterclaim alleges that DNF's "demand for an accelerated balance, and filing of this suit, without first ensuring that [Wittmann] was provided a statutorily[-]compliant notice of right to cure default, violate[d] the FDCPA by falsely and misleadingly claiming a right to payment in full and to sue when no such right exists[.]" She further alleged that DNF's actions constituted "harassing and abusive conduct" and "unfair or unconscionable collection practices."

¶9 WISCONSIN STAT. § 425.105 of the WCA requires a creditor to provide written notice of a consumer's right to cure default before filing a collection suit. Section 1692e(2)(A) of the FDCPA prohibits falsely representing the "character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Wittmann argues that by filing suit without first giving her notice of right to cure, DNF falsely represented that it had complied with § 425.105's prerequisites, thereby misrepresenting the debt's "legal status." Addressing an identical claim, the *Plaza Services* court again relied on *Kirsch* to affirm dismissal. *See Plaza*

*Servs.*, 418 Wis. 2d 123, ¶36.  The ***Kirsch*** court determined that the creditor's failure to comply with the WCA's right to cure procedure did not "disrupt" the creditor's right to payment—it merely entitled the consumer to dismissal of the complaint.  *See **Kirsch***, 386 Wis. 2d 388, ¶30.  Applying this determination, the ***Plaza Services*** court affirmed dismissal, concluding that Plaza Services had not misrepresented the legal status of the debt because it retained the right to collect.  *See **Plaza Servs.***, 418 Wis. 2d 123, ¶44.  Based on the holding in ***Plaza Services***, we conclude that Wittmann did not state a claim for relief under the FDCPA and affirm dismissal.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.

6