COURT OF APPEALS
DECISION
DATED AND FILED

May 13, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2024AP1904**

**STATE OF WISCONSIN**

Cir. Ct. No. 2023CV1503

**IN COURT OF APPEALS
DISTRICT II**

JASON JOHNSON,

   PLAINTIFF-APPELLANT,

V.

PROHEALTH CARE, PROHEALTH CARE MORELAND SURGERY, CTR AND DOBBERSTEIN LAW FIRM, LLC,

   DEFENDANTS-RESPONDENTS.

APPEAL from an order of the circuit court for Waukesha County: MICHAEL P. MAXWELL, Judge. *Affirmed*.

Before Neubauer, P.J., Gundrum, and Lazar, JJ.

Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).

¶1      PER CURIAM.   Jason Johnson appeals from an order dismissing his complaint against ProHealth Care, ProHealth Care Moreland Surgery, CTR, and Dobberstein Law Firm, LLC.   Johnson argues that the circuit court erred in dismissing his claims brought under WIS. STAT. § 427.104(1)(j), (k) (2023-24)[1] of the Wisconsin Consumer Act ("WCA") and 15 U.S.C. § 1692e(2), (3) (2024) of the Fair Debt Collection Practices Act ("FDCPA") for failure to state a claim upon which relief can be granted pursuant to WIS. STAT. § 802.06(2)(a)(6).  We affirm.

## BACKGROUND

¶2      On March 20, 2023, Attorney Michael Hickey of Dobberstein Law Firm, LLC, filed a small claims complaint on behalf of ProHealth Care Moreland Surgery, CTR ("PCM") against Johnson to recover medical debt.  The complaint claimed an outstanding balance, including interest, of $1,304.86, in addition to unspecified costs and attorney fees.

¶3      After being served with the summons and complaint, Johnson contacted PCM and was referred to Dobberstein.  Johnson alleges a Dobberstein employee told him that he owed more than the $1,304.86 alleged in the complaint because "legal fees," including "filing and service charges[,]" had been added. Johnson "objected and said that those fees had not been awarded yet."   The Dobberstein employee "then told Johnson something to the effect that Dobberstein would 'get' the fees eventually."  Johnson was also told that if he paid $1,304.86, it would be considered a "partial payment[,]" and that "Johnson could pay $1,400 as full payment on the debt."   Johnson paid $1,304.86 "because he did not know whether he could be compelled to pay more[.]"   On April 11, 2023, Dobberstein

---

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

submitted a proposed order dismissing the case with prejudice and the circuit court signed it the same day.

¶4    On September 21, 2023, Johnson commenced this action against PCM, ProHealth Care (together referred to as "ProHealth"), and Dobberstein, and later filed an amended complaint.  The amended complaint set forth four causes of action, two under the WCA and two under the FDCPA.  Two of Johnson's claims are based on the allegation that Attorney Hickey had minimal information about Johnson's debt and an extremely high workload,[2] such that he was not "meaningfully involved" in preparing the small claims complaint and a prior demand letter: (1) violation of 15 U.S.C. § 1692e(3) against Dobberstein only; and (2) violation of WIS. STAT. § 427.104(1)(k) against all defendants.  The other two claims arise from Defendants' demand for legal fees that had not yet been awarded by the circuit court: (1) violation of § 1692e(2) against Dobberstein only; and (2) violation of § 427.104(1)(j) against all defendants.  Defendants filed a motion to dismiss the amended complaint pursuant to WIS. STAT. § 802.06(2)(a)6. for failure to state a claim upon which relief may be granted.  The court granted the motion and issued a written decision dismissing the complaint in its entirety on August 9, 2024.

## DISCUSSION

¶5    Johnson asks this court to determine: (1) whether his amended complaint states a claim for violation of 15 U.S.C. § 1692e(3) and WIS. STAT. § 427.104(1)(k) based on the allegation that Attorney Hickey was not

---

[2] Johnson alleged various figures to illustrate Attorney Hickey's workload, including the number of cases he files per day, the number of hearings he has each week, the number of demand letters he approves each day, and that he was the attorney of record for 3,189 cases in Wisconsin courts as of December 27, 2023.

"meaningfully involved" in preparing the demand letter and complaint; and (2) whether the complaint states a claim for violation of § 1692e(2) and § 427.104(1)(j) based on the allegation that the defendants demanded costs that had not yet been awarded by the circuit court.

¶6   "Whether a complaint states a claim upon which relief can be granted is a question of law for our independent review; however, we benefit from discussions of the ... circuit court." *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶17, 356 Wis. 2d 665, 849 N.W.2d 693.  When reviewing a motion to dismiss, we accept all factual allegations in the complaint as true.  *Id.*, ¶18. "However, legal conclusions asserted in a complaint are not accepted, and legal conclusions are insufficient to withstand a motion to dismiss." *Id.*

¶7   The interpretation and application of Wisconsin and federal statutes also present questions of law that this court reviews de novo.  *See State v. Alger*, 2015 WI 3, ¶21, 360 Wis. 2d 193, 858 N.W.2d 346; *Alberte v. Anew Health Care Servs., Inc.*, 2000 WI 7, ¶7, 232 Wis. 2d 587, 605 N.W.2d 515.  "We employ the same methodology to interpret a federal statute as we do when we interpret a state statute; that is, we start with the text of the statute.  If the statute's meaning is plain, then our inquiry ordinarily stops." *Northwest Airlines, Inc. v. DOR*, 2006 WI 88, ¶36, 293 Wis. 2d 202, 717 N.W.2d 280.

## I.  Meaningful Involvement Claims

¶8   Johnson brings two causes of action arising from Attorney Hickey's alleged lack of "meaningful involvement" in preparing a demand letter and small claims complaint: (1) a claim pursuant to 15 U.S.C. § 1692e(3) of the FDCPA against Dobberstein only; and (2) a claim under WIS. STAT. § 427.104(1)(k) of the WCA against all defendants.  The "meaningful involvement" doctrine arose from

federal caselaw construing § 1692e(3), which prohibits the "false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3). Some courts have held that a communication is not truly "from" an attorney if the attorney did not directly control or supervise the process through which it was sent. *See, e.g.*, *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996) (to comply with § 1692e(3), a lawyer must have involvement in the process, such as reviewing the consumer's file, deciding that they are a candidate for legal action, deciding to send the communication, and reviewing the communication before it is sent). Accordingly, the doctrine holds that a communication from an attorney that is not the product of such professional involvement is "misleading" and violates § 1692e. *Avila*, 84 F.3d at 228-29. To date, five federal circuits have adopted the "meaningful involvement" doctrine. *See, e.g.*, *Clomon v. Jackson*, 988 F.2d 1314, 1320-21 (2d Cir. 1993); *Avila*, 84 F. 3d at 228-29; *Kistner v. Law Offs. of Michael P. Margelefsky, LLC*, 518 F.3d 433, 439-40 (6th Cir. 2008); *Gonzalez v. Kay*, 577 F.3d 600, 604, 607 (5th Cir. 2009); *Lesher v. Law Offs. of Mitchell N. Kay, PC*, 650 F.3d 993, 1003 (3d Cir. 2011). Johnson argues that § 427.104(1)(k) of the WCA should be interpreted to incorporate the federal doctrine because § 427.104(1)(k) is the "WCA equivalent" of § 1692e(3) and "must be liberally interpreted to align with the FDCPA."

¶9    In its Decision and Order, the circuit court dismissed the complaint in its entirety, implicitly rejecting Johnson's 15 U.S.C. § 1692e(3) "meaningful involvement" claim. The plain language of § 1692e(3) says nothing about an attorney's "meaningful involvement" in debt collection efforts, and the parties do not address whether or not this court should interpret § 1692e(3) to include a

"meaningful involvement" requirement.[3]   We decline to recognize a new "meaningful involvement" claim under § 1692e(3) of the FDCPA, as "it is [the Wisconsin Supreme C]ourt's function to develop and clarify the law." ***State ex rel. Wis. Senate v. Thompson***, 144 Wis. 2d 429, 436, 424 N.W.2d 385 (1988).   In contrast, "[t]he primary function of the court of appeals is error correction." ***Blum v. 1st Auto & Cas. Ins. Co.***, 2010 WI 78, ¶50, 326 Wis. 2d 729, 786 N.W.2d 78 ("[T]he court of appeals' law-developing role is secondary and arises only 'under some circumstances,' as the court is required to 'adapt [ ] the common law and interpret[ ] the statutes and federal and state constitutions in the cases it decides.'" (citation omitted)); *see also, e.g.,* ***Sussex Tool & Supply, Inc. v. Mainline Sewer & Water, Inc.***, 231 Wis. 2d 404, 416 n.4, 605 N.W.2d 620 (Ct. App. 1999) (declining to address whether the economic loss doctrine applies to a negligent provision of services because the appellate court is not the appropriate avenue for law creation). Therefore, we affirm dismissal of Johnson's § 1692e(3) meaningful involvement claim.[4]

¶10   Next, we turn to Johnson's meaningful involvement claim under the WCA.  WISCONSIN STAT. § 427.104(1)(k) prohibits a debt collector from using "a communication which … gives the appearance of being authorized, issued or approved by a[n] … attorney-at-law when it is not[.]" Sec. 427.104(1)(k).  Johnson argues that § 427.104(1)(k) is the "WCA equivalent" of 15 U.S.C. § 1692e(3) and, therefore, § 427.104(1)(k) should also be interpreted to require an attorney's "meaningful involvement."  However, after briefing was completed in this case, we

---

[3] We note that this issue was not before the court in ***Plaza Services LLC v. Burton***, 2025 WI App 51, 418 Wis. 2d 123, 25 N.W.3d 556, and therefore remains an open question.

[4] "[W]e may affirm on grounds different than those relied on by the trial court." ***Vanstone v. Town of Delafield***, 191 Wis. 2d 586, 595, 530 N.W.2d 16, 20 (Ct. App. 1995).

rejected this same argument in a published decision, *Plaza Services LLC v. Burton*, 2025 WI App 51, 418 Wis. 2d 123, 25 N.W.3d 556. *Plaza Services* declined to recognize a meaningful involvement requirement in the WCA. *See id.*, ¶23. Accordingly, consistent with *Plaza Services*, we affirm the dismissal of Johnson's § 427.104(1)(k) claim.

## II. Claims Based On Demand For Payment Of Costs Not Yet Awarded

¶11 Johnson brings two causes of action arising from Defendants' demand for payment of costs that had not yet been awarded by the circuit court: (1) an FDCPA claim under 15 U.S.C. § 1692e(2)(A) against Dobberstein only; and (2) a WCA claim under WIS. STAT. § 427.104(1)(j) against all defendants.

¶12 Johnson argues that Dobberstein employees falsely represented the amount and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A) when they demanded payment of "legal fees, including filing and service charges" to fully resolve the debt. To state a claim under § 1692e, a party must allege facts sufficient for a jury to find that the debt collector made a false statement that would mislead an unsophisticated consumer. *Ruth v. Triumph P'ships*, 577 F.3d 790, 799-800 (7th Cir. 2009). An unsophisticated consumer "possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses 'reasonable intelligence,' and is capable of making basic logical deductions and inferences." *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000) (citations omitted).

¶13 We agree with the circuit court that Johnson has not alleged facts that would plausibly mislead an "unsophisticated consumer." Both the small claims complaint and Dobberstein communicated that any amount sought beyond $1,304.86 was attributed to legal fees. Thus, they did not misrepresent the "amount

or legal status" of the debt pursuant to 15 U.S.C. § 1692e(2)(A). These facts markedly differ from those cases where the consumer sufficiently stated a § 1692e(2)(A) claim. For example, in *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562 (7th Cir. 2004), the debt collector sent a dunning letter listing the "account balance" as $388.54, more than double the original veterinary debt of $122.06, without explaining that it was seeking attorney fees of $250. *See id.* at 566. The *Fields* court held that by failing to specify the components of the debt, the debt collector "le[ft] the door open" for an unsophisticated consumer to "logically assume that she simply incurred nearly $400 in charges[,]" and the court therefore reversed dismissal of *Fields*' § 1692e(2)(A) claim. *Fields*, 383 F.3d at 566; *see also, Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003) (holding that a debt collector communication was misleading where it failed to identify the principal balance as separate from treble damages, which had not yet been awarded by the court).

¶14 Additionally, Johnson's reliance on *Shula v. Lawent*, 359 F.3d 489 (7th Cir. 2004) is misplaced. *Shula* does not support Johnson's argument because in that case, the debt collector demanded payment of circuit court costs *after* the collection suit had been dismissed without a judgment awarding costs. *See id.* at 491. In other words, the debt collector in *Shula* demanded costs that it could no longer legally recover, whereas ProHealth still had the legal right to seek those costs when it engaged in the collection activity at issue. Furthermore, under the Illinois law applied in *Shula*, the award of costs was not automatic, rather it was up to the judge's discretion. *Id.* In contrast, under applicable Wisconsin law, the award of costs to the prevailing party is automatic. *See* WIS. STAT. § 799.25.

¶15 For those reasons, we are not persuaded that Johnson adequately alleged an FDCPA claim under 15 U.S.C. § 1692e(2)(A), and we affirm the dismissal of that claim.

¶16 Turning to Johnson's remaining cause of action under WIS. STAT. § 427.104(1)(j), he argues it is viable "because the WCA must be construed in accordance with the FDCPA," hence if the 15 U.S.C. § 1692e(2)(A) claim is viable, the § 427.104 claim must also be. But the reverse must also be true: we have determined that Johnson failed to allege a claim under § 1692e(2)(A), therefore his § 427.104(1)(j) claim fails as well. We also note that the two statutes at issue do not contain the same language,[5] so it is not evident why they would be construed in the same way. *See Plaza Services*, 418 Wis. 2d 123, ¶¶23-25 (statutes not construed

---

[5] WIS. STAT.§ 427.104(1) states in relevant part:

> **(1)** In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction … where there is an agreement to defer payment, a debt collector may not:
>
> ….
>
> **(j)** Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist[.]

15 U.S.C. § 1692e states in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> ….
>
> **(2)** The false representation of—
>
> **(A)** the character, amount, or legal status of any debt[.]

identically when language differs). Therefore, we affirm the circuit court's dismissal of Johnson's § 427.104(1)(j) claim.

## CONCLUSION

¶17 In summary, we agree that all of Johnson's claims under the WCA and FDCPA were properly dismissed. Therefore, we affirm the circuit court's order.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.